## THOMAS H. GAULT
### v.
## WILLIAM D. BABBITT.

1. LIBEL—OFFICE OF INUENDO.—Appellee posted upon and about the premises occupied by appellant, boards and cards inscribed with the words : " Waiting for Tom Gault's house-rent for lower story of No. 78 So. Paulina street—several months' due;" and the declaration charged appellee with meaning thereby to charge the plaintiff with fraudulently withholding such rent. *Held*, that the *inuendo* could not enlarge the real sense of the words, but if, under the cirsumstances stated, that which was alleged could be reasonably imputed to them, then the allegation of such meaning was strictly its proper function.

2. JUSTIFICATION—WHEN A BAR.—A plea of justification, by its nature is in confession and avoidance, and when properly made is a complete bar. But it is not a complete bar unless it confesses and avoids by justifying the entire charge substantially as made. Anything short of that is necessarily another and different charge.

3. EFFECT OF PLEA OF JUSTIFICATION—PRIMA FACIE CASE—TAKING CASE FROM THE JURY.—A plea in confession and avoidance admits a *prima facie* case for the plaintiff, and no amount of evidence in support of such a plea will justify a court in taking from the jury the consideration of the issue under it. Evidence in support of such a plea, of whatever amount and weight, necessarily raises a question of preponderance, and in no such case can the court direct a non-suit or a finding for either party absolutely.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. JOHN LYLE KING, for appellant; as to the libelous character of the words, cited Rev. Stat. 378, § 177; Townshend on Slander and Libel, 3d ed. 79 note; Id. sec. 133; Spencer v. Southwick, 11 Johns. 5; Boydell v. Jones, 4 M. & W. 446; Sanderson v. Caldwell, 45 N. Y. 98.

That a plea of justification must confess and avoid the charge as alleged, Townshend on Slander and Libel, 3d ed. sec. 214; Mitchell v. Borden, 8 Wend. 470; Clark v. Dibble, 16 Wend. 601; Clark v. Taylor, 2 Bing. (N. C.) 654; Hort v. Reade, 7 Irish Com. Law; Fidler v. Delevan, 20 Wend. 57; Gage v. Robinson, 12 Ohio, 250 ; O'Connor v. Wallen, 6 Irish Com. Law 378.

Messrs. HUTCHINSON & HINDS, for appellee; contending that the words were not libelous, and their meaning could not be enlarged by inuendos, cited Brown v. Piner, 5 Bush (Ky.) 518; Mix v. Woodard, 12 Conn. 262; McKinley v. Robb, 20 Johns. 350; Ames v. Hazard, 8 R. I. 143; Bloss v. Tobey, 2 Pick. 320; Snell v. Snow, 13 Met. 278; Hawkinson v. Bilby, 16 Mees. & W. 442.

That it is the province of the Court to determine whether the publication is libelous, and upon the right of the Court to direct a verdict for the defendant: Sweeney v. Michis, 1 Vict. Law Times, 43; Blagg v. Stuart, 10 Ad. & E. 899, N. S.; Gregory v. Atkins, 42 Vt. 237; Hunt v. Goodlake, 43 Law Jour. R. E. C. 54; 29 Law Times N. S. 473; Haight v. Cornell, 15 Conn. 74; Thompson v. Greene, 5 Ind. 385; Townshend on Slander and Libel, 3d ed. 526.

PLEASANTS, J.   Appellant filed against appellee his declaration in case for libel, containing several counts, setting forth in substance that he was tenant of appellee of the premises described in the alleged libel; that a dispute arose between them whether any rent was due as claimed; that defendant gave notice of the termination of the lease for non-payment, instituted proceedings in forcible detainer, and obtained judgment therein by default; that plaintiff took an appeal, and executed a bond thereon, conditioned for the payment of whatever rent might be or become due, and otherwise as prescribed by the statute, which was duly approved; and that pending such appeal defendant posted up on a tree in the street, in front of the premises, and upon the premises themselves, at different points, sign-boards and cards on which were conspicuously painted and written the words "Waiting for Tom Gault's house-rent for lower story of No. 78 So. Paulina street—several months' due," meaning thereby to charge the plaintiff with fraudulently withholding such rent.

To this declaration a demurrer was interposed and overruled, and thereupon the defendant filed the general issue, with a stipulation that he might introduce thereunder proof of any matter that he could properly set up under any special plea.

It was proved and admitted on the trial that defendant put up the boards and cards exhibiting the words as alleged; and on the part of the plaintiff evidence was also introduced, tending to show that defendant expressly and repeatedly declared his purpose thereby to expose, shame and disgrace the plaintiff, and so compel him to pay the rent claimed; and that passers by daily observed and remarked upon such signs, and were led thereby to inquire about his character for honesty,—for the purpose of showing express malice on the part of defendant, and that the meaning of the words, as intended by him and understood by others, was that which was imputed by the *inuendo*. The evidence for the defendant tended to prove only the fact that at the time of the publication a balance on account of rent was, and for several months had been due and unpaid, and the ground of the refusal to pay.

On the closing of the testimony, counsel for plaintiff addressed the jury in argument, was followed by counsel for defendant, and was about to reply, when the court interposed, and refusing him permission so to do, and also refusing the entire series of instructions asked by him on behalf of the plaintiff, of his own motion instructed the jury absolutely to find a verdict for the defendant, which they accordingly did.

We are at some loss to determine from the record upon what view of the law this action of the court was taken, but we know of no sound one on which it can be sustained.

If it was that plaintiff's right of action depended upon the establishment of the falsity of the words in their merely literal sense, and that of that there was no evidence whatever, as seems most probable, it was in our judgment erroneous. The libel charged consisted in the meaning which those words really bore in the light of the circumstances, including the manner of their publication. Spencer v. Southwick, 11 Johns. 573; Sanderson v. Caldwell, 45 N. Y. 398. These were set forth in the declaration, and the meaning was averred to be, not that rent was in fact due and unpaid, merely, but that it was fraudulently withheld. The *inuendo* could not enlarge the real sense of the words, but if under the circumstances stated, that which was alleged could be reasonably imputed to them, then the al-

Gault v. Babbitt.

legation of such meaning was strictly its proper function.  The libel alleged was, then, the charge, in manner aforesaid, that plaintiff had been and was willfully and fraudulently withholding rent due.

The evidence for defendant was pertinent only as justification.  Justification, by its nature, is in confession and avoidance, but it is a complete bar.  How can it be a complete bar, unless it confesses and avoids, by justifying the entire charge substantially as made?  In the nature of the case, any charge short of that is necessarily another and different charge.  A special plea, purporting to be a bar to the whole cause of action, which confesses and avoids another and different cause of action, must be bad on demurrer.  For the same reason, evidence which supports an avoidance of another cause of action, must fall short of a defense to that which is alleged.  The stipulation filed in this case was tantamount to a good plea of justification, but evidence thereunder going to justify only a narrower charge than that made by the words complained of, under the circumstances of their publication, would be insufficient.

It was contended by plaintiff that there was no evidence tending to show fraud in his withholding the rent claimed; that is, none apart from the act of withholding, and the ground of it, which might or might not be some evidence thereof, according to the circumstances.  But if any, its sufficiency was as clearly a question for the jury as any that can well be imagined.  Indeed, as we understand the law, no amount of evidence in support of a plea in confession and avoidance, can justify a court in taking from the jury the finding of the issue under it.  The reason is that such a plea admits a *prima facie* case for the plaintiff.  Whenever there is any evidence to make a *prima facie* case for him, much more where it is conclusively admitted by the pleading, evidence in support of the plea, of whatever amount and weight, necessarily raises a question of *preponderance*, and in no such case can the court direct a nonsuit or a finding for either party absolutely.  These propositions we regard as elementary, and therefore cite no authority for them.

It was for the jury, then, to say under the issue upon the plea of not guilty, what was the real meaning of the words, and under the issue upon the plea of justification, whether by the evidence, the whole charge, in substance, as alleged to have been made, was justified; and the absolute instruction to the jury to find for the defendant, was, therefore, error.

Upon the rendition of the verdict, a motion for a new trial was made by plaintiff and overruled, and judgment thereupon entered on the verdict for the defendant for costs.

The refusal to give the instructions asked by plaintiff is among the errors assigned, but we do not think ourselves called upon now to express any opinion as to the correctness or incorrectness of those instructions, or any of them, because it is evident that the Superior Court refused them for some reason, not involving its judgment upon their correctness. We think it was error to refuse any instruction that was pertinent and proper under the views above expressed, and to refuse permission to plaintiff's counsel to close the argument to the jury by a reply, as well as to instruct absolutely for the defendant. We therefore reverse the judgment and remand the cause.

Judgment reversed and cause remanded.