**Richmond.**

' CRANFORD PAVING CO. V. BAUM & OTHERS.†

APRIL 23, 1896.

Absent, Keith, P.*

1. CONDEMNATION PROCEEDINGS—*Public Roads—Damages—Report of Commissioners.*—In a proceeding to condemn a right of way for a public road the report of the commissioners to assess damages to the land owner is to be taken as conclusive on the question of damages until it is shown to the satisfaction of the court to be incorrect.

2. CONDEMNATION PROCEEDINGS—*View by Commissioners—Report of Commissioners—Weight Given to—Case at Bar.*—In condemnation proceedings to acquire land for a public use the law lays great stress upon the matter of the view, and great weight is attached to the report of the commissioners to assess damages. In addition to other evidence they have the evidence of their own senses, and it should be a very clear case of inadequate compensation to justify an interference by the court, on that account, with the finding of the commissioners. In the case at bar the evidence taken before the commissioners was returned with their report, and no oral evidence was introduced before the court. The evidence was conflicting, but was sufficient to justify the finding of the commissioners. It was proper, therefore, for the court to decline to disturb the finding of the commissioners.

Error to a judgment of the Circuit Court of Alexandria county, rendered May 30, 1894, on a writ of error to the County Court of said county, in a condemnation proceeding wherein the defendants in error were the plaintiffs, and the plaintiff in error and others were the defendants.

*Affirmed.*

† Recently directed to be reported.
*Judge Keith decided the cause in the Circuit Court.

The opinion states the case.

*J. M. Wilson, P. J. Brennan,* and *A. A. Hoehling,* for the plaintiff in error.

*John Critcher* and *R. H. Phillips,* for the defendants in error.

RIELY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Alexandria county, affirming a judgment of the County Court. It presents for decision but a single question, and that is whether or not the amount allowed the plaintiff in error as damages is a just compensation for the use of its land which is taken for the public road established through it.

The Cranford Paving Company owns a stone quarry of three acres on the south side of the Potomac river, which it has worked back into the hill about 100 feet from the original water line, and about 150 feet from the present water line, the line having been extended out into the river about 50 feet by the deposit of refuse material from the quarry. The court ordered the road to be established across the yard of the company, which is the space that intervenes between the present line of the river and the face of the quarry, and is used in transporting the stone from the face of the quarry to the flatboats in the river which convey it to market, and also as a place for storing the surplus stone. This yard, at the time the road was established, was 247 feet long and 150 feet wide, and, as the road is 30 feet wide, the ground taken for the use of the road is a strip 247 feet long and 30 feet wide, which is less than one-sixth of an acre. The road, which was established by the court, is altogether two and one-fifth miles long, and was proved to be of great convenience to the public generally, and also to the proprietors' of the lands through which it passes, all of whom, except the plaintiff in error and one other, donated the right of way. The viewers who

located the line of the road were of opinion that the establishment of the road would be of such great convenience and benefit to the Paving Company and such other person that they also were not entitled to any damage. After the viewers had recommended that the road be established, and the County Court had entered an order to that end, it appointed, as required by the statute, five disinterested freeholders of the county, as commissioners, whose duty it was to meet upon the land of the Paving Company and ascertain what was a just compensation for its land that was so taken. They met upon the land, and, after viewing it and hearing all the evidence produced before them, and having the assistance of eminent counsel on each side of the controversy, reported to the court that for the land taken for the use of the road and for the damage to the residue of the land of the company beyond the peculiar benefits to be derived in respect to such residue from establishing the road, the sum of $600 was a just compensation. Their report is to be regarded as conclusive on the question of damages until it is shown to the satisfaction of the court to be insufficient. *Mitchell* v. *Thornton*, 21 Gratt. 164. The commissioners returned with their report all the evidence that was produced before them, and this, together with the report itself, was all that was before the court affecting the matter of compensation or damages when the report came before the court for confirmation. No other or additional evidence was produced, and the matter comes before us in the same way.

When it becomes necessary to ascertain what is just compensation for land taken for a public use, as in the present case, the statute directs that the court shall appoint five disinterested freeholders as commissioners to perform this duty, and requires that in its performance they shall themselves view the land so taken. The law lays great stress upon the matter of the view, and justly attaches great weight to the report of the commissioners. They are greatly aided, as they were in this case, by

the evidence of their own senses. They have the advantage of seeing the land itself which is taken, and judging as to its value, and of determining the effect of the opening of the road upon the residue of the tract. They have, as they also had here, after having their attention specially drawn to the element of damage relied upon, the opportunity to apply the evidence produced before them to the subject of the controversy, and to determine the weight to be given to its several parts. We are without the benefit of their opportunities, and of what they saw and were the judges, and it should be a very clear case, indeed, of inadequate compensation, to justify the court in disturbing their sworn, deliberate, and disinterested judgment as disclosed in their report. The plaintiff in error bases its claim that the sum allowed by the commissioners is inadequate compensation for the damage it will sustain from the establishment of the road upon several grounds, which may be grouped as follows: That it will prevent the free use of its yard in transporting across it the stone from the quarry to the river for shipment, and also as a depository for the stone until it is shipped; that it will also interfere with the steam pipes which run to the steam drill from the boiler, which it is necessary to keep on a barge in the river in order that it may be moved up and down the river when a blast is to be made, lest a stone may be hurled against it and injure it; and that it would prevent the laying of a railroad track from the river to the face of the quarry and the running of trucks to haul the stone to the river, in case this should become necessary when the face of the quarry is worked further back from the river. The evidence introduced by the Paving Company in respect to these matters, and in support of its contention, is, in the main, very unsatisfactory. The witnesses for the plaintiff in error based their estimate of its damages upon the theory that these obstacles would wholly prevent the quarry from being worked, and render it absolutely valueless; and, acting upon this theory, and estimating the entire output of the quarry at its market value, as if

the stone from the whole three acres were quarried, they fixed
the damages at thousands of dollars. But the evidence furnishes
no just basis for such conclusion, and the estimates of these wit-
nesses, in the face of the facts shown by the evidence, are so
extravagant and unreasonable as to be valueless in determining
whether the sum allowed by the commissioners is a just compen-
sation to the Paving Company.

It is shown by the evidence that the demand for the stone is
equal to the supply, and that it can be marketed as fast as it is
quarried, and that not so much as one-half of the yard has been
covered over at any one time with stone that has been quarried,
and that generally not more than one-tenth is so covered; and
to this it may be added that, as the stone is quarried, and the
face of the quarry pushed forward, the size of the yard will be
correspondingly enlarged. It is also shown that there are never
more than two pipes running from the boiler to the drill, and
generally only one, and that, where the road would pass over the
pipes, each pipe could be thoroughly protected at a nominal cost
by two six-inch boards, placed side by side, with strips across
their ends so as to cover the pipe, and that it would be slight work
to move the pipes and boards when there was any occasion to do
so. It is further shown that, in case it should become desirable
at any time to put down a railroad track, and to use trucks to
haul the stone from the quarry to the river, it would only be
necessary to cover between the tracks with earth for the width of
the road, and that the expense of doing so would be very slight.
The feasibility of this is too obvious for serious discussion. The
estimates of the witnesses for the plaintiff were also based upon
the theory that persons travelling along the road might be in-
jured by stones thrown from the blasts, and damages be recovered
against the Paving Company for such injury. It is disclosed by
the evidence that, whenever a blast is now set off, the barge
containing the boiler has to be moved away from the front of
the quarry, to prevent the boiler from being struck and injured,

and the employees always go to the sides of the site of the quarry, both for their own safety and to warn any persons who may be passing about. It would be but little, if any, additional trouble and expense to give timely warning to persons passing along the road at such time of danger. The report of the commissioners received the approval of both the County and Circuit Courts. No satisfactory reason is disclosed by the evidence, nor was any shown in argument, for disturbing it. The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*