# Wytheville.

HENINGER v. PEERY.

JUNE 23, 1904.

1. EVIDENCE—*Burden of Proof—Public Roads.*—If the report of viewers of a road is favorable to the establishment of the road, the burden of producing evidence to overcome the *prima facie* case made by their report is on the contestant.

2. PUBLIC ROADS—*Test of Publicity.*—Whether a road sought to be established is a public road or one merely for the benefit of private individuals, is not tested by the fact that such individuals receive a greater benefit than the public generally. The test is not simply how many actually use the road, but how many may have a free and unrestricted right in common to use it. If it is free and common to all citizens it is a public road.

3. PUBLIC ROADS—*Compensation to Landowner—Peculiar Benefits — Case at Bar.*—In condemning land for a public road the party whose land is taken is entitled, under the statute, to just compensation for the land actually taken, and also to fair recompense for the damage to the residue of the tract beyond the peculiar benefits to be derived in respect to the residue of the land from the road to be established. But the benefits contemplated are such as are direct and peculiar to the landowner as distinguished from those shared by him in common with the public. In the case at bar a fifteen-foot road, with gates, was established through the lands of the owner to the mountain lands of the applicants to enable them to reach their lands for grazing purposes, but the compensation allowed was confessedly insufficient to enable the landowner to protect his property by the erection of fences along the sides of the road, and it was held that the compensation was inadequate.

Error to a judgment of the Circuit Court of Bland county, affirming a judgment of the County Court of said county in a condemnation proceeding, wherein the defendant in error was

one of the applicants, and the plaintiff in error was the con-
testant.

                                        *Reversed.*

The opinion states the case.

*S. W. Williams* and *J. H. Fulton,* for the plaintiff in error.

*A. A. Phlegar,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a writ of error and supersedeas to an order of the
Circuit Court of Bland county, affirming an order of the County
Court of that county, establishing a public road through the
lands of plaintiff in error, Samuel T. Heninger.

It appears that the defendant in error, Thomas E. Peery, one
of the original applicants for the road, is the owner of 822
acres of land on Chestnut Ridge, in that county, which, with
several adjoining tracts, is entirely isolated from any public
road, the proprietors being dependent upon the sufferance of
other landowners for ingress and egress to and from their
respective properties. Peery had been accustomed to drive his
cattle over the lands of Heninger to his own land; but, in the
year 1898, the latter prosecuted and procured a fine to be im-
posed upon an employee of Peery for trespassing upon his
premises in the manner indicated. Thereupon Peery and
others, who were thus debarred from the only practicable ap-
proach to their lands, instituted these proceedings for the estab-
lishment of the road in controversy. Viewers were appointed
from time to time, all of whom reported favorably to opening
the proposed road; but, with the exception of the last report,
approved and confirmed by the order complained of, all these
reports were quashed.

From the confirmed report it appears that the road will ex-tend 568¾ poles through the lands of Heninger, 206¼ poles of which distance is traversed by a private road constructed and maintained by him for his own convenience, and at his own expense. The viewers further report that if the road should be established as provided by statute; that is to say, thirty feet wide, and without gates, Heninger would, in their judgment, be damaged to the amount of $250. But that a road fifteen feet wide, with gates at all necessary points, would meet the present necessities of the public as well as the applicants; and if such a road or gated way be established, the damage to Heninger would, in their judgment, be $100 for the land taken and necessary gates, but that the remainder of the land would not be damaged in excess of the benefits accruing to Heninger from the establishment of the road.

While a number of errors are alleged in the proceeding, the three following are all that the court deems it necessary to notice:

1. The first assignment is to the action of the trial court in requiring Heninger to introduce his evidence in the first instance.

It is a rule of practice of universal application that the litigant, upon whom the burden of proof rests, must open the evidence. In this case the report of the viewers had satisfied the court that the road ought to be established unless cause was shown to the contrary; otherwise it would have been un-necessary to summon the landowners as provided by section 949 of the Code. By express terms of the statute, the contestant is summoned to show cause against the report, and, if none be shown, and no evidence is adduced, nothing further remains for the applicant to do, and the report is confirmed, and the road established. This necessarily brings the contestant within the influence of the rule adverted to, and casts upon him the burden of overcoming by satisfactory proof the *prime facie*

case made by the adverse report of the viewers. The question
is controlled by the case of *Mitchell* v. *Thornton,* 21 Gratt.
164. See also *Cranford Paving Co.* v. *Baum,* 97 Va. 503, 24
S. E. 906. The first assignment is, therefore, without merit.

2. Upon the second assignment it is contended that the case
involves the condemnation of private property for private use,
which, of course, is not permissible.

The circumstance that the road will be of greater benefit
to the applicants than to the public generally is not the criterion
in such case. Indeed, that fact might be affirmed of all mere
"neighborhood roads." "The test is, not simply how many do
actually use them, but how many may have a free and unre-
stricted right in common to use them." *Elliott on Roads &
Streets,* sec. 192. "If it is free and common to all citizens, then
no matter whether it is or is not of great length, or whether it
leads to or from a city, village or hamlet, or whether it is much
or little used, it is a pubic road." Id., sec. 11.

As was said in *Lewis* v. *Washington,* 5 Gratt. 265, "No
limitation to the power of the County Court to establish a road is
to be found in the degree of accommodation which it may afford
to the public at large. That is a matter which addresses itself
not to the authority, but the discretion of the court."

A cognate question to the one involved has recently received
the consideration of this court in the case of *Zircle* v. *Southern
Ry. Co., ante,* p. 17, 45 S. E. Rep. 802.

3. The third and last assignment assails the report on the
grounds that the compensation allowed the contestant is inade-
quate, and the method of arriving at the amount fixed was il-
legal.

Under the Virginia statute two elements enter into the ques-
tion of remuneration to a party whose private property is con-
demned for a public road, namely: just compensation for the
land actually taken, and also a fair recompense for damage to
the residue of the tract, beyond the peculiar benefits to be derived

in respect to the residue of the land from the road to be established. V. C., section 1078. But the benefits contemplated by the statute to be considered in reduction of damages in condemnation proceedings are confined to such as are *direct* and *peculiar* to the owner of the land, as distinguished from those which are shared by him in common with other citizens. *Mitchell* v. *Thornton, supra; Ry. Co.* v. *Freeman,* 24 W. Va. 673.

Subjected to that test, it is apparent, from a careful consideration of the record, that Heninger has not received adequate compensation for the injury that will be inflicted upon him by the sequestration of his property for public use. The object of the road is to enable Peery and others to reach their mountain lands, chiefly for grazing purposes. The road extends no farther and affords no outlet to Heninger in that direction. The necessities of his own land are already provided for by the private road. So far, therefore, from deriving *peculiar benefits* from the establishment of the proposed road, it is obvious that it must entail upon him serious injury and inconvenience. Confessedly, he has not been allowed a sum sufficient to enable him to protect his property by the erection of fences along the sides of the public road; but, over his protest, he has been subjected to the inconvenience of a pent or gated road (a perpetual menace to the security of his crops and stock), and has been improved out of all compensation in damages for the infliction of this manifest injury to his property upon the erroneous and unsustained theory that he will be the recipient of direct and peculiar benefits from the construction of the road. The court recognizes the expediency and wisdom of the rule that great weight is to be allowed to the report of the commissioners to assess damages in condemnation proceedings (*Cranford Paving Co.* v. *Baum, supra*); nevertheless, where it plainly appears that the report is based upon a false premise, and the commisioners have omitted an essential element affect-

ing the amount of compensation to which the landowner is entitled, it will not hesitate to quash the report for that reason and appoint a new commission to reassess the damages.

The report in the case in judgment is amenable to the objection indicated, and on that ground the order confirming it is erroneous, and must be reversed and annulled, and the case remanded to the Circuit Court of Bland county for further proings to be had therein not in conflict with this opinion.

*Reversed.*