A. E. BROWN, TREASURER, SCHOOL BOARD OF THE TOWN OF CANTON, v. H. W. SPRAY, TREASURER OF THE TOWN AND TAX COLLECTOR, ET AL.

(Filed 23 December, 1911.)

1. Statutes—Amendments—Interpretation—Construed as a Whole.

An amendment to a legislative act will be construed with the original act as one and the same act, in its application to an action brought subsequent to the time the amendment went into effect.

2. Same—School Trustees—Bond Issues—Taxes—Special Treasurer —Control of School Affairs.

Private Laws 1907, ch. 237, authorized the town of Canton to issue bonds for various purposes, on approval of the voters of the

town; among them being the erection of a school building, also a special tax levied for the maintenance of the school to be collected by the tax collector and paid to the town treasurer, to be kept separate and apart and paid out under the order of the school board. A finance committee was established by the act and designated by name, to which large powers of supervision and control were given in reference to contracts entered into by the governing agencies of the town, the disposition of the proceeds of the special-tax bonds, the establishment of graded schools and the purchase of sites and erection of buildings thereon, etc. This act was amended by chapter 27, Private Laws 1909, which in effect struck out all the provisions giving control to the finance committee of matters pertaining to education, etc., and authorized the board of school trustees to select their own treasurer, etc., "who shall have charge of the proceeds to be derived from the sale of said school bonds . . . and charge of all school money collected under the provisions of this act": *Held*, (1) the entire management, guidance, and control of these school matters, financial and otherwise, was with the board of school trustees, its officers and agents; (2) taxes levied for school purposes should be paid by the tax collector direct to the treasurer selected by the school board, and the contracts of this board and the disposition of the school funds arising from the sale of the bonds or otherwise are not subject to the supervision or control of the finance committee.

**3. School Trustees—Bond Issue—Validity—Collateral Matters.**

In this action, the validity of the bond issue not being questioned, but only as to which treasurer the proceeds of the sale of the bonds and the money arising from the tax levy should be paid, the determination of the court is not affected by the fact that the amendatory act authorizes the commissioners to issue a portion of the bonds at a higher rate of interest than was authorized in the proposition submitted to the vote of the citizens of the town, especially as the bonds in question were not of a higher rate than thus authorized.

APPEAL from *Webb, J.,* from HAYWOOD, and by consent heard and determined at Bryson City, 23 October, 1911.

Civil action to obtain mandamus directing tax collector, etc., to pay moneys realized by sale of bonds, etc., collected for school purposes, to plaintiff as treasurer of board of graded-school trustees.

There was judgment for plaintiff, and defendant excepted and appealed.

*W. T. Crawford for plaintiff.*
*J. Bat. Smathers, Smathers & Morgan for defendant.*

Hoke, J.  By statute, Private Laws 1907, ch. 237, the General Assembly authorized the town of Canton, Haywood County, on approval of voters of the town, to issue bonds in the sum of $65,000 for water supply, sewerage, electric lights, a graded-school building, and street improvements, and to lay a special tax to pay accruing interest, etc.  By section 11 of the act, the town is constituted the "Canton Graded-school District for White and Colored Children," and in subsequent sections a school board is created, having general management and control of the schools therein; a special tax is levied for the maintenance of the school, to be collected by the tax collector and paid to the town treasurer, to be kept separate and apart, etc., and paid out under order of the school board, etc.  Provision is also made for purchase of sites and erecting suitable buildings, etc., for school purposes.  By section 7 of the act in question a finance committee is established and designated by name, and this committee is given large powers of supervision and control in reference to the contracts entered into by the governing agencies of the town, the disposition of the proceeds of the special-tax bonds, etc., the establishment of the graded schools and purchase of sites and erection of buildings therefor, etc.

By a subsequent act, Private Laws 1909, ch. 27, this former statute was amended, and in reference to the question presented, the last statute provides as follows:

"Sec. 4. That section 7 of said chapter 237 be and the same is hereby amended by striking out all after the word 'act,' in line four, down to and including the word 'school,' in line six, it being the purpose of this section to provide that said finance committee shall have no control or authority over the money to be issued for erecting said graded-school buildings, nor shall said finance committee have any control or authority whatever over said graded schools or any taxes levied or collected for said graded schools to be expended in their behalf.

"Sec. 5. That section 19 of said chapter be amended by striking out, in line fourteen, the words 'subject to the approval

of the finance committee, as aforesaid.' " (This section 19 being the section of the former act referring to the portions of the proceeds from sale of said bonds available for school purposes.)

"SEC. 6. That section 20 is hereby amended by striking out, in line two, the words 'subject to the approval of the finance committee.' " (Section 20, requiring approval of finance committee as to purchase of school sites.)

"SEC. 7. That the said board of graded-school trustees shall have the power and they are hereby authorized to select a treasurer of said board, who shall have charge of the proceeds to be derived from the sale of said school bonds and who shall also have charge of all school money collected under the provisions of this act. Said treasurer shall be elected by said board of school trustees and shall hold his office for a term of two years, until his successor is elected and qualifies. He shall receive as compensation for his services the same commission as is paid to the treasurer of the town of Canton for his services. He shall give such bond for the faithful performance of his services as said board may determine, and shall only pay out moneys which may come into his hands upon the order of the board of trustees."

It is familiar doctrine "that an original act and an amendment to it shall be considered as one act, and, so far as regards a cause of action after the amendment is adopted, shall be construed as if it had read from the beginning as it does with the amendment added to it or incorporated in it. Black on Interpretation of Laws, pp. 356, 357, and on perusal of the original act and the amendment, it is clear that the Legislature intended to place the entire management, guidance, and control of these graded-school matters, financial and otherwise, with the board of school trustees and its officers and agents; that the taxes levied for school purposes shall be paid direct from the town tax collector to the treasurer selected by the school board, and that the contracts of this board and the disposition of the school funds, arising from the sale of bonds or otherwise are to be no longer subject to the finance committee.

The application of $1,178.57, the portion of the school tax paid by the Champion Fiber Company for 1911, to the general bonded indebtedness of the town, was without warrant of law, and the judgment very properly directs that this same shall be paid to the treasurer of the school board, together with any and all other sums devoted to school purposes. By the terms of the statute the tax was levied for school purposes and is to be kept separate and applied to the purposes designated. 3 Abbott Municipal Corporations, secs. 1069-70-71.

Our conclusion is not affected because the amendatory act in the first section authorizes the commissioners to issue a portion of the bonds at a higher rate of interest than was specified, when the proposition was submitted to the people. We do not see that the validity of these bonds is in any way presented, and if it were otherwise, this provision for the enhancement of interest does not extend to the portion of the bonds applicable to school purposes.

The judgment of the court will be so modified that the town tax collector shall pay the taxes levied and collected for school purposes directly to the treasurer of the school board, and with this modification the judgment of his Honor is

Affirmed.