WYGAL V. WILDER AND OTHERS.

September 9, 1915.

1. HIGHWAYS—*Public Road—Report of Viewers as Evidence—Trial in Circuit Court.*—On the trial of a road case in a circuit court, it is not error to permit the report of the viewers to be read to the jury as evidence of what would be a just compensation to the land owner for the land taken and for damages to the residue of the tract. The statute providing for the appointment of viewers is of very ancient origin and experience has taught that it is an indispensable agency in supplying the necessary primary information to the tribunal which . is ultimately to decide the controversy. The rights of the land owner are fully protected by other provisions of the statute allowing exceptions to the report of the viewers, appointment of commissioners, an appeal of right to the circuit court where the cause is heard *de novo*, and a further right of appeal under the general law.

2. HIGHWAYS—*Public Roads—Report of Viewers—Weight Given.*— Great weight is to be given to the report of the viewers as to the propriety or impropriety of opening and establishing a public highway, and as to the amount of damage to be allowed to proprietors whose lands are taken, and, unless the record shows clearly that the damage is greater than that recommended by the viewers, the court, as a rule, does not interfere with the report.

3. HIGHWAYS—*Public Roads—Payment of Costs by Applicants— Evidence.*—The land owner is not prejudiced by permitting the applicants for a public road to prove that, in case the road is established, they will grade and construct it at their own expense. Such method of payment is permitted by the statute where the road will be a mere private convenience.

4. HIGHWAYS—*Public Roads—Appeal From Supervisors—Evidence.* On appeal of right by a land owner in a road case, from the judgment of the board of supervisors to the circuit court, it it not error to allow the judgment of the board of supervisors to be read to the jury, although the case is heard *de novo* in the circuit court. The judgment is a part of the record of the case, and the land owner cannot be deemed to be prejudiced thereby.

5. HIGHWAYS—*Public Roads—Costs of Construction—Payment by Applicants.*—Where the applicants for a public road are willing and able to pay the costs of its construction, the board of supervisors (where, as in the case at bar, they have the power) may permit them, in a proper case, to relieve the county of that expense.

6. INSTRUCTIONS—*Sufficiently Instructed—Multiplication of Instructions.*—Where the jury has already been sufficiently instructed, it is not error to refuse additional instructions on the same point. The practice of diminishing instead of multiplying instructions unnecessarily is rather to be commended than condemned.

Error to a judgment of the Circuit Court of Lee county on an application to establish a public road. Judgment for the applicants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Pennington Bros.*, for the plaintiff in error.

*Duncan & Cridlin* and *J. C. Noel*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of Lee county establishing a public road over the lands of the appellant, W. G. Wygal, and others, in accordance with the order of the board of supervisors before whom the proceeding originated. The applicants, appellees here, having signified their willingness to bear the expense, it was ordered that the road be graded and constructed at their own proper cost, and they were required to execute a bond with security in the penalty of $2,000 conditioned for the faithful construction and completion of the road as directed.

1. The first error assigned is the action of the court in permitting the report of the viewers to be read to the jury

113

as evidence of what would be just compensation to appellant for the land taken, and for damages to the residue of the tract beyond the peculiar benefits to be derived in respect to such residue from the road to be established. Statutes providing for the appointment of viewers in road cases are of very ancient origin in this Commonwealth; and experience has taught that they are an indispensable agency in supplying the tribunal which must ultimately determine the controversy with necessary primary information for its guidance. In the opinion of the legislature, the rights of the land owner are sufficiently safeguarded by summoning him to show cause against the establishment of the road. Full opportunity is thus afforded to except to the report, to introduce testimony in support of the exceptions, and to make any other proper defense. Moreover, such owner is given the absolute right to demand the appointment of five disinterested freeholders of the county as commissioners to ascertain what would be a just compensation for the land proposed to be taken. These commissioners meet upon the land and inspect it, and hear evidence, and report their findings to the board of supervisors; and besides, the statute allows the proprietor, if dissatisfied with the decision of the board of supervisors, an appeal of right to the circuit court where the matter is heard *de novo*, with the further right of appeal to this court under the general law. See general road law, Acts 1904, p. 191, and amendment of sec. 5, Acts 1910, p. 251.

The courts uniformly have attached great importance to the report of commissioners and viewers in road cases. It has been said that the "report of commissioners is to be regarded as conclusive on the question of damages until shown to the satisfaction of the court to be insufficient." *Mitchell* v. *Thornton*, 21 Gratt. (62 Va.) 164; *Cranford Paving Co.* v. *Baum*, 97 Va. 501, 24 S. E. 906.

In *Williamson* v. *Reed,* 106 Va. 453, 56 S. E. 174, it was held, that "great weight is to be given to the report of the viewers as to the propriety or impropriety of opening and establishing a public highway, and as to the amount of damage to be allowed to proprietors whose lands are taken, and, unless the record shows clearly that the damage is greater than that recommended by the viewers, the court, as a rule, does not interfere with the report." *Heninger* v. *Peery,* 102 Va. 896, 47 S. E. 1013; *Lanford* v. *Va. Air Line Ry. Co.,* 113 Va. 68, 73 S. E. 156.

2. The second error assigned is that the court erred in permitting the applicants to prove that in case the road was established they would grade and construct it at their own expense.

It is true the road act provides that when a road is established, the cost of construction shall be paid by the board of supervisors. But sec. 6 also declares that if it shall appear that the establishing of the road would be a mere private convenience, the board may order the same upon condition that the applicants pay, in whole or in part, the expense.

It is not perceived how appellant could be prejudiced by proof of the voluntary assumption by the applicants of a burden which could not, under the evidence, otherwise have been cast upon them.

3. The third error assigned is that the judgment of the board of supervisors was allowed to be read to the jury. The judgment was part of the transcript of the record certified up to the court, and though it is true the case was to be tried *de novo,* and obviously without regard to the judgment, its presence as part of the record was proper and cannot be deemed to have prejudiced appellant. If the judgment had been. omitted from the transcript altogether, the jury would still have known that it was adverse

to appellant, for if favorable there would have been no occasion for him to appeal.

Appeals from a justice likewise are tried *de novo;* yet the statute, Code, sec. 2955, prescribes that he shall deliver to the clerk of the court which has cognizance of the appeal "the original warrant with the judgment and the name of the surety endorsed thereon, together with all the exhibits before him shown at the trial." Such papers constitute the case and are the essential groundwork for intelligent proceeding in the appellate court.

4. The fourth, fifth and sixth errors assigned may be considered together. The fourth takes exception to the introduction in evidence of the bond executed by the applicants as a guaranty of their good faith in undertaking to construct the road. The fifth is to the refusal of the court to admit evidence of the probable cost of the road; and the sixth is to the exclusion of evidence of the financial condition of the county.

Where applicants for the establishment of a public road are willing and able to bear the cost of construction, it would indeed be a strained interpretation of the statute (and a most unwise limitation for courts to impose) that the board of supervisors cannot allow the parties, in a proper case, to relieve the county of that expense. If these fiscal agents of the county possess such power, about which we entertain no doubt, then the questions embraced in this assignment of error are wholly immaterial.

5. The seventh and last error assigned is as follows: "The court erred in modifying instruction No. 2 asked for by your petitioner . . . "

The part of instruction No. 2 *eliminated* by the court reads: "That no private property can be taken for public use unless for such property there be paid a reasonable compensation for such property taken." This part of instruction No. 2 was stricken out because that identical in-

struction, with the exception of the last four words, had already been given. The practice of diminishing instead of multiplying instructions unnecessarily is rather to be commended than condemned.

The order appealed from is plainly right and must be affirmed.

*Affirmed.*