𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

NORFOLK AND WESTERN RAILWAY COMPANY V. PERDUE.

January 12, 1915.

1. PLEADING—*Joint Tort—Separate Verdicts—Dismissal as to all but One—Judgment.*—In a joint action of trespass against several who plead jointly, if the jury find them guilty jointly, they should assess the damages against them all; but if, in such case, the jury, by mistake, assess several damages, the plaintiff may cure the defect by entering a ·*nolle prosequi* as to some and taking judgment against one.

2. MASTER AND SERVANT—*Acts of Servant—Scope of Employment—Instructions.—Case at Bar.*—In an action to hold a master liable for the acts of his servant, an objection to an instruction because it does not in terms state that the servant was at the time engaged about his master's business should be overruled, where it is clearly established that the person referred to was the servant of the master, and in all the evidence taken which connects such person with the transaction under consideration there was never a suggestion that he was not acting within the scope of his employment.

3. INSTRUCTIONS—*Jury Sufficiently Instructed.*—It is not error to refuse an instruction which is sufficiently covered by an instruction already given.

4. APPEAL AND ERROR—*Admissibility of Evidence—Harmless Error.* The reception of evidence which could not possibly have prejudiced the objector, is not reversible error.

5. PLEADING—*Amendments—Section 3384 of Code—Object of.*—Section 3384 of the Code allowing amendments at the trial in order to obviate a variance between the allegations and the proof is remedial and should be liberally construed. The object of amendment is to admit new evidence which would not have been admissible before the amendment.

6. APPEAL AND ERROR—*Verdicts—Conflicting Evidence.*—The finding of a jury upon a question fairly submitted to it, upon which the evidence is conflicting, will not be disturbed.

Error to a judgment of the Law and Chancery Court of the city of Roanoke, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*McCormick & Smith,* for the plaintiff in error.

*Hairston & Willis,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

William H. Perdue instituted this action of trespass on the case against the Norfolk and Western Railway Company and Richard A. Horgan. The declaration, as originally filed, contains three counts, and charges that in September, 1912, the plaintiff had purchased a ticket entitling him to ride on the train run by the defendant railway company from Roanoke to Boone's Mill; that it thereupon became the duty of the defendant company to receive the plaintiff in its station and treat him courteously, respectfully and with consideration; that disregarding this duty Horgan, acting as agent and private watchman of the company, proceeded without any just or reasonable cause, violently and in an insulting manner, to put the plaintiff under arrest, and did then and there strike and bruise him with a certain weapon known as a black-jack, whereby the plaintiff was greatly injured and damaged in person, and claimed $2,500 in damages. The second and third counts are of a similar character.

The railway company and Horgan pleaded not guilty, and evidence was introduced by the plaintiff to prove the allegations of the declaration. The defendants, on their part, maintained that Horgan was a police agent, appointed

under the provisions of the Code of Virginia, and was acting in that capacity and not as the agent of the railway company when the arrest was made. Without going into this aspect of the case in any detail, we content ourselves with saying that the trial court maintained the contention of the defendants and gave to the jury an instruction as follows:

"The court instructs the jury that if they believe from the evidence that Richard A. Horgan was duly appointed a special police agent and qualified as such, that then, although it was upon the request of the N. & W. Railway Company he was so appointed and qualified, and although he was paid by the Baldwin-Feltz Detective Agency for his services in acting as police agent, and in turn the Baldwin-Feltz Detective Agency was paid for his services by the N. & W. Railway Company, still the N. & W. Railway Company is in no way legally responsible for the acts of the said Richard A. Horgan when acting in the capacity of a police agent: the court instructing the jury that a police agent is as much an officer of the State as any other officer authorized by law to make arrests, and that if the arrest was made in this capacity by him the N. & W. Railway Company is in no way responsible for his act."

The facts upon which this instruction is predicated were clearly established, and indeed were not controverted, so that the defendant in error, plaintiff in the court below could not have recovered upon the case which he had up to that point presented. Thereupon the defendant in error asked leave of the court to amend the declaration, which leave was granted, the court stating that the defendants would be entitled to a continuance of the case if a continuance was desired. The defendants, however, elected to proceed, and the plaintiff filed the amended declaration, to which the defendants demurred, and, the demurrer having been overruled, filed a plea of not guilty, in which the plain-

tiff joined, and thereupon the jury having heard additional evidence, received the instructions of the court and heard the argument of counsel, retired into their room to consider of their verdict, and after some time returned the following verdict: "We, the jury, find for the plaintiff as charged in the bill and assess damages of $750.00 against the N. & W. Railway Co. and $1,000 against Richard A. Horgan."

The amendment to the declaration states that at the time of the arrest of the plaintiff by Horgan there was present one W. J. Surface, who was an agent and employee of the Norfolk & Western Ry. Co., in the capacity of gate-keeper or usher in the station of the Norfolk & Western Ry. Co., and that the said Surface being then and there an agent and employee of the railway company, proceeded to and did aid and assist and give countenance to the said Richard A. Horgan, and assisted Horgan to insult and abuse the plaintiff, and to force the plaintiff to accompany Horgan to the public jail of the city of Roanoke, where he was confined for a long space of time, and was required to give surety for his appearance before the police justice; and that upon his appearance before the police justice, after all the evidence had been heard, the plaintiff was then and there discharged by the police justice and the prosecution dismissed.

The fourth count presented a case which, if proven, entitled the plaintiff to recover, and the judgment of the court rests and can only rest upon that count and the evidence introduced in support of it. As has been said, the instruction of the court which is copied into this opinion ended the case as originally presented, so that whatever error may appear in the record before the amendment of the declaration (with respect to which we make no decision) is wholly immaterial to the case now before us.

The first error assigned is to the action of the trial court in requiring the plaintiff to elect as between the two defendants Horgan and the Norfolk and Western Ry. Co.

The verdict assesses the damages of the plaintiff at $750 as against the Norfolk and Western Ry. Co., and $1,000 as against Richard A. Horgan. This action upon the part of the court is in substantial accord with the case of *Crawford* v. *Morris,* 5 Gratt. (46 Va.) 90, where it is said, that "in a joint action of trespass against several who plead jointly, if the jury find them guilty jointly, they should assess the damages jointly against them all; but if in such case the jury by mistake assess several damages, the plaintiff may cure the defect by entering a *nolle prosequi* as to some, and taking judgment against one."

In this case the judgment was taken against the Norfolk and Western Ry. Co., and there was a non-suit as to Richard A. Horgan.

Exception is taken to the sixth instruction given at the instance of defendant in error, which is as follows:

"The court instructs the jury that if they believe from the evidence that W. H. Perdue entered the N. & W. Railway station for the purpose of boarding one of its trains and had a ticket entitling him to ride on such train, then he was a passenger and the railway company was obliged to treat him courteously and respectfully, and if the defendant Horgan arrested the plaintiff when he was committing no offense, and if you further believe from the evidence that W. J. Surface was an employee and agent of the N. & W. Railway Co., and that he assisted the said Horgan in such unlawful arrest, then the N. & W. Railway Company is liable in damages for such damages as the plaintiff may have suffered by reason of such interference by W. J. Surface."

The objection urged to this instruction is that it does not state in terms that Surface was at the time engaged about

the business of the defendant company. We do not think this objection should prevail. That Surface was an employee and agent of the company is clearly established, and in all of the evidence taken which connects Surface with the transaction under consideration there was never a suggestion that he was not acting within the scope of his employment. This objection is, therefore, overruled.

The third assignment of error is based upon bill of exception No. 2, which was taken to the refusal of the court to grant an instruction at the prayer of plaintiff in error which was, we think, sufficiently covered by instruction No. 6 heretofore copied into this opinion.

The same is true of assignment of error No. 4, where the contention is made that the plaintiff in the court below should not have been permitted to prove the acts of Horgan; or, if so, that the jury should have been instructed at the time that the N. & W. Ry. Co. was not responsible therefor. As we have already seen, this assignment of error is sufficiently answered by instruction No. 6.

Assignment of error No. 5 is based upon bill of exception No. 4, which calls in question the propriety of admitting in evidence rule 524 regarding the duties of station masters. The introduction of this rule was resisted as irrelevant, and without going further into the matter we content ourselves with saying that it could not by any possibility have prejudiced the plaintiff in error.

The sixth assignment of error is disposed of by what we have already said with respect to the giving of the sixth instruction.

The seventh assignment of error is taken to the action of the court in permitting the plaintiff to amend his declaration.

Section 3384 of the Code provides: "If, at the trial of any action, there appears to be a variance between the evidence and allegations or recitals, the court, if it consider

that substantial justice will be promoted and that the opposite party cannot be prejudiced thereby, may allow the pleadings to be amended, on such terms as to the payment of costs or postponement of the trial, or both, as it may deem reasonable. Or, instead of the pleadings being amended, the court may direct the jury to find the facts, and, after such finding, if it consider the variance such as could not have prejudiced the opposite party, shall give judgment according to the right of the case."

We have held that this statute is remedial and should be liberally construed. *Langhorne* v. *City of Richmond,* 91 Va. 364, 22 S. E. 357. It is in our judgment a wise and beneficent provision, and the trial court was fully justified in the course which it pursued.

The eighth assignment of error is because the court permitted the plaintiff to introduce evidence after the declaration had been amended. As suggested by counsel for defendant in error, it would be difficult to imagine a reason for amending if it were not for the purpose of admitting new evidence which would not have been admissible before the amendment.

Upon the motion to set aside the verdict as contrary to the evidence, the whole case turns upon the identification of Surface, the gate-keeper, as the man who assisted in the arrest of Perdue. That question was fairly submitted to the jury. The trial court expressly instructed the jury that the N. & W. Ry. Co. was only liable in the event that Surface assisted in the arrest.

We are of opinion that the evidence sustains the verdict, and upon the whole case that there is no error to the prejudice of the plaintiff in error, and the judgment complained of is affirmed.

*Affirmed.*