## Wytheville

### SOUTHERN RAILWAY COMPANY V. SNOW.

#### June 10, 1915.

1. MASTER AND SERVANT—*Safe Appliances—Inspection—Delegation to Servant—Railroads.*—While, as a general rule, it is the duty of the master to make such reasonable inspection of appliances furnished his servant as may be necessary to discover defects therein, it is well settled that he is under no obligation to inspect during their use those common tools and appliances with which every one is conversant, nor is it the master's duty to repair defects arising in the daily use of those simple appliances, such as restoring to its place a nut on the end of a bolt which holds the tongue of an ordinary railroad station truck in its place. This is the duty of the employee in charge of the station, especially when he is using the truck himself, and the master may assume that the servant himself using such an instrumentality will discover any defect in it and either apply the remedy, or not use it.

2. MASTER AND SERVANT—*Railroads—Appliances—Inspection—Delegation to Servant.*—A railroad company may by general rules impose upon a station agent the duty of inspecting a truck in use at the station, and if he is injured in consequence of an open and obvious defect which he has had ample opportunity to observe, the company is not liable.

3. APPEAL AND ERROR—*Conflicting Instructions.*—Where the instructions given by the trial court are in irreconcilable conflict, this court will reverse the judgment, as it is impossible to tell by which instruction the jury was controlled in arriving at its verdict.

4. INSTRUCTIONS—*Unnecessary Multiplication.*—Numerous irrelevant and unnecessary instructions should be avoided, as they are well calculated to confuse and mislead the jury, and to hinder rather than aid the administration of justice.

Error to a judgment of the Circuit Court of Culpeper county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Moore, Keith, McCandlish & Hall, John S. Barbour* and *R. B. Tunstall,* for the plaintiff in error.

*Grimsley & Miller* and *E. E. Garrett,* for the defendant in error.

Harrison, J., delivered the opinion of the court.

This action was instituted by W. H. Snow to recover of the Southern Railway Company damages for injuries alleged to have been sustained in consequence of the defendant's failure to furnish the plaintiff reasonably safe and suitable appliances with which to perform his duties as station agent.

There was a verdict and judgment in favor of the plaintiff which is brought under review by this writ of error.

The salient facts of the case are that the plaintiff in August, 1912, entered the service of the defendant in the capacity of station agent, express agent and telegraph operator at Mitchell's, Culpeper county, Virginia, having previously had considerable experience in the same capacity as an employee of other railroads; that his employment as station agent involved the general supervision and direction of the work done at the station, including the duty of loading and unloading express, freight and baggage; that at the time of the accident, which occurred a few days after the plaintiff took charge at Mitchell's, there were three trucks at the station, two of them being four-wheeled trucks pulled by a tongue, and the third a two-wheeled truck with handles. One of the four-wheeled trucks was in a dilapidated condition, badly in need of repair, and the defendant had been notified of this fact, about three weeks before the plaintiff took charge, and had promptly ordered

it to be sent to the repair shop by the first freight. This
the predecessor of the plaintiff at Mitchell's had neglected
to do before turning the station over to his successor. The
tongue by which the four-wheeled trucks are propelled is
inserted between two jaws projecting from the front axle,
and is held in place by an iron bolt which is run through
the jaws and the tongue.

On the morning of the accident, the plaintiff, having
occasion to use one of these trucks for the purpose of mov-
ing a trunk, selected, as he says, "the one most convenient,"
which was the one in a dilapidated condition. It appears
that the tap which was screwed on the bolt holding the
tongue in place was off, and in consequence of this the
bolt worked loose, and while the plaintiff, with his face
to the truck, was attempting to pull it, the tongue came out
and he fell backward to the ground, striking his back on
the edge of a trunk or some other object thereby producing
the injuries complained of.

Among numerous other instructions given for the plain-
tiff over the objection of the defendant, was the following:
"The court instructs the jury that it is the duty of an em-
ployer to use ordinary care and prudence to provide his
employees with reasonably safe appliances and instrumen-
talities with which to work, and to keep them in a reason-
ably safe condition. This duty rests upon the employer
and cannot be delegated to any one else; and if he attempts
to delegate them and the party delegated fails to discharge
the employer's duty, the same liability rests upon the em-
ployer as if he had personally failed to discharge his duty
to his employees."

However sound this statement may have been as an ab-
stract proposition of law, it had no application to the facts
of the present case and was very misleading. It is an
established fact that an ordinary station truck, such as here
employed, is an exceedingly simple instrumentality, with-

out the slightest complication, and is easily comprehended by the most ordinary intelligence, Such an appliance requires no expert knowledge to discover that it is out of order or to determine whether or not it can be safely used. The evidence shows that the plaintiff was a man about forty-seven years of age, with an experience of about eleven years as telegraph operator and station agent, familiar with and experienced in handling trucks, and it is not suggested that the truck in question was different from those he had been handling throughout his experience.

The general rule is that an employer is charged with the duty of making such reasonable inspection as may be necessary to discover defects; but it is well settled that a master is under no obligation to his servants to inspect during their use those common tools and appliances with which every one is conversant, nor is it the master's duty to repair defects arising in the daily use of these simple appliances, such as restoring to its place a nut on the end of a bolt which holds the tongue of an ordinary station truck in its place. This is the duty of the employee in charge of the station, especially when he is using the truck himself, and the master may assume that the servant using such an instrumentality will discover any defect in it and either apply the remedy or not use it. 26 Cyc., p. 1138; Thompson on Neg., secs. 3801-2; *Koschman* v. *Ash*, 98 Minn. 312, 108 N. W. 514, 116 Am. St. Rep. 373; *C. & O. Ry. Co.*, v. *Sparrow*, 98 Va. 630, 37 S. E. 302; *Newport News Pub. Co.* v. *Beaumeister*, 104 Va. 744, 52 S. E. 627; *Stewart* v. *Savannah Electric Co.*, 133 Ga. 10, 65 S. E. 110, 17 Ann. Cas. 1087, and note.

While the absence of the nut from the bolt may not have been observable at a glance, the dilapidated condition of the truck which had been reported to the defendant was open and obvious to any one who came near it. This condition was alone sufficient to put the plaintiff on notice that

he should not use the truck, or that he should, at least, before using it, satisfy himself that it could be employed with safety.

The qualification added to the instruction under consideration, that the duty of inspection could not be delegated to any one else was wholly inapplicable to the present case. It was competent for the company to delegate this duty of inspection to the plaintiff himself in the use of such an instrument as that here in question.   The latest expression of this court on this subject is found in *Pocahontas Consolidated Col. Co.* v. *Hairston, Ante,* p. 119 83 S. E. 1041, where it is said: "That a corporation owes to its employees the duty to examine and inspect the appliances used by them is true, and that this duty is a non-assignable duty is also true but corporations from the necessity of the case can only act through their agents, and may by general rules impose the duty of inspection upon the employee using the machine or other appliance to the extent that he is competent to make the inspection, and the circumstances allow him an opportunity of doing so." .The general rules of the company imposed upon the station agent the duty of making the inspection here involved.   That the plaintiff was competent to inspect this simple instrumentality, which was obviously out of condition, and that he had the opportunity of doing so cannot be questioned.

Plaintiff's instruction No. 9 tells the jury that it is the positive unassignable duty of an employer to use all ordinary care and caution to furnish and provide his employees with reasonably safe and suitable appliances and instrumentalities, etc.   The defendant's instruction No. 8, as amended, told the jury that under the rules of the Southern Railway Company it was the duty of the plaintiff as agent in charge at Mitchell's to make a reasonable and proper inspection of the truck furnished for use at the point, etc., and that it was his duty to take sufficient time to make such inspection effective.

Instruction No. 9 for the plaintiff is erroneous for the reasons stated in connection with the instruction already considered; and in addition, it is clearly in conflict with No. 8 for the defendant. Contradicting each other as they do, it is impossible to say by which instruction the jury was controlled in reaching the verdict which was rendered. The situation here presented was involved in the case of *Pocahontas Con. Col. Co.* v. *Hairston, supra,* where it was held to constitute such an irreconcilable conflict as to make it necessary to reverse on account of the manifest inconsistency between the instructions there considered. The reasoning of the court and the authorities cited in that case are equally applicable to the present consideration and need not be repeated here.

As the judgment must be reversed for the errors already pointed out, it is unnecessary to comment upon the numerous other instructions given and refused, except to say that in point of number they are out of all proportion to the necessities of the case, and are, therefore, as a whole, confusing and misleading. The controlling facts and circumstances of the case are few, and three or four instructions limited and directed to the material questions would have been ample properly to submit the case to the jury. This court has frequently called attention to the fact that numerous irrelevant and unnecessary instructions should be carefully avoided for the reason that they are well calculated to mislead and confuse the jury and to hinder rather than aid the administration of justice. *Richmond &c. Co.* v. *Allen,* 101 Va. 200; 43 S. E. 356; *Newport News &c. Co.* v. *Beaumeister, supra.*

The judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial not in conflict with the views herein expressed.

*Reversed.*