## Staunton.

## SUTHERLAND AND OTHERS V. WAMPLER.

### September 11, 1916.

1. APPEAL AND ERROR—*Instructions—Jury Fully Instructed.*—This court will not reverse a judgment for the refusal of the trial court to give other instructions when it appears that the jury had already been correctly and fully instructed.
2. APPEAL AND ERROR—*Pleas—Time of Filing.*—In practice, the time of filing pleas in bar is largely in the discretion of the trial court, and ordinarily the admission of pleas will not be regarded as reversible error, unless plainly erroneous and prejudicial to the plaintiff.
3. APPEAL AND ERROR—*Pleas Amounting to General Issue—Other Pleas.*— The admission of a plea amounting to the general issue is a matter within the discretion of the trial court, the exercise of which generally will not be subject to review by the appellate court.
4. APPEAL AND ERROR—*Improper Reception of Plea—When Harmless.*—A plaintiff cannot assign as error the reception of a special plea of the defendant upon which the jury found against the defendant. If error, it was not to the plaintiff's prejudice.
5. APPEAL AND ERROR—*Petition—Assignment of Errors.*—A petition for a writ of error is in the nature of a pleading and should state clearly and distinctly all the errors relied on for reversal, and errors not assigned in the petition will not, as a rule, be considered.

Error to a judgment of the Circuit Court of Dickenson county in an action of covenant. Judgment for the defendant. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Sutherland & Sutherland,* for the plaintiffs in error.

*Chase & Daugherty,* for the defendant in error.

Whittle, J., delivered the opinion of the court.

This action of covenant was brought by J. E. L. and W. T. Sutherland, owners of a saw mill, to recover of C. A. Wampler $800, damages alleged to have been sustained by reason of the defendant's breach of a contract to saw into lumber certain timber trees owned by him. To a judgment for the defendant this writ of error was granted.

It is plain from the evidence that the contracting parties were extremely lax in their business methods, and that the stipulations of the contract were not rigidly insisted on and were performed in a slovenly, loose way on both sides. It was aptly characterized in one of the briefs as "not a rush job and was carried on in a lucky-go easy manner." The plaintiffs would sometimes close down the mill and "all hands quit and go to a shooting match."

There is no claim in the petition for a writ of error that the verdict of the jury was contrary to the evidence or without evidence to support it, but a reversal of the judgment is sought on the following grounds: (1) Because of the trial court's action in refusing and modifying instructions requested by the plaintiffs, and in giving instructions at the request of the defendant; (2) in permitting two supplemental or additional pleas to be filed when the case was called for trial; and (3) for the admission and exclusion of evidence.

It were, indeed, a fruitless task to consider in detail objections to the court's ruling in the matter of instructions. Fourteen were requested by the plaintiffs, and eight by the defendants. For the former eight were given, and four for the defendant, and it is safe to affirm that the instructions given covered every essential phase of the case and fairly submitted it to

the jury. Time and again this court has condemned the practice of multiplying unnecessary instructions, the only effect of which is hopelessly to perplex the jury and to introduce error into the record. It is the settled rule of this court not to reverse a judgment for the refusal of the trial court to give other instructions when it appears that the jury already have been correctly and fully instructed. This question was dealt with in as many as six cases in 117 Virginia Reports. *Ney* v. *Wrenn*, 117 Va. 85, 84 S. E. 1; *N. & W. Ry. Co.* v. *Perdue*, 117 Va. 111, 83 S. E. 1058; *Eastern Motor Co.* v. *Apperson-Lee Co.*, 117 Va. 495, 85 S. E. 479; *Ratcliffe* v. *Walker*, 117 Va. 569, 85 S. E. 575; *Southern Ry. Co.* v. *Snow*, 117 Va. 627, 85 S. E. 488, and *Wygal* v. *Wilder*, 117 Va. 896, 86 S. E. 97.

(2) With respect to the admission of pleas, complaint is made that after the defendant had pleaded the general issue the court, when the case was called for trial, permitted two other pleas to be filed. In practice, the time of filing pleas in bar is largely in the discretion of the court and ordinarily will not be regarded as constituting reversible error, unless plainly erroneous and prejudicial to the plaintiff. In this instance the time of filing could not have been considered material since it was not made the ground of either for a continuance of the case or postponement of the trial.

So also with respect to the objection that the first supplemental plea amounted to the general issue. The admission of such plea is a matter within the discretion of the trial court, the exercise of which generally will not be subject to review by the appellate court. Burks Pl. & Pr. 331.

The second additional plea was in the nature of a special plea of set-off, under section 3299 of the Code, and sought a recovery over against the plaintiffs for

$1,125 in excess of their demand. Upon the evidence it appears that the plaintiffs were not prejudiced by the filing of either plea. The first, as we have seen, only amounted to the general issue, and the jury gave no recovery over on the second.

(3) This objection goes to the admission and rejection of evidence. The assignment is as follows: "Without waiving the various objections made to the action of the court in admitting and rejecting testimony, we will not attempt to take them up in detail; suffice it to say, that these objections are to be insisted upon and that, in the main, they are well taken. What purpose could be served except confusion by permitting the plaintiff, J. E. L. Sutherland, on cross-examination, to be asked a list of questions objected to and set forth on pages 222 to 224 of the record? What matters what he was doing with his mill over at home, or how much he had seen his brother do, and whether or not his brother could fire a boiler or run an engine, or whether he filed his saw more than once a day?"

Some of the bills of exceptions under this assignment were not signed by the judge, and the materiality and relevancy of much of the evidence was not shown. But aside from that, the assignment itself does not conform to the rule of procedure on the subject.

"The petition for a writ of error is in the nature of a pleading, and should state clearly and distinctly all the errors relied on for reversal, and errors not assigned in the petition . . will not, as a rule, be considered." Burks Pl. & Pr., 759.

We are convinced upon an examination of the case in its entirety that the foregoing contentions are without merit.

At the close of operations the parties had a settlement in which the defendant paid in full the plaintiffs' demand for their services, and a year and a half after the settlement they brought this suit for an alleged breach of contract. On that issue the jury rightly found a verdict for the defendant.

For these reasons the judgment must be affirmed.

*Affirmed.*