# Richmond.

## City of Richmond v. McCormack.

### March 15, 1917.

1. Amendments—*Statute of Jeofails—Pollard's Code 1904 (section 3449).*—Where a declaration contains a defective statement of a good cause of action, this is the class of error that the statute of jeofails is designed to cure.

2. Pleading—*Legal Conclusions.*—An allegation of duty is only a conclusion of law; and, where the facts alleged show the duty, and are stated with sufficient clearness to prevent surprise and enable the court to proceed upon the merits of the cause, the declaration ought to be sustained.

3. Judgment—*Arrest of Judgment.*—In an action against a city for personal injuries sustained by reason of an alleged defect in a sidewalk, the declaration alleged that it was the duty of the city to keep its streets sound, safe, and suitable for public use and travel, and particularly the sidewalk in question. The allegation of duty was mere surplusage, and under the provisions of sections 3246, 3449 and 3272, Code 1904, directing the court to disregard formal defects in pleading, it was no ground for a motion in arrest of judgment.

4. Pleading—*Waiver of Defects.*—Where defendant pleads the general issue and goes to trial upon the merits, he thereby waives technical defects in the declaration.

5. Pleading—*Cure of Defects—Streets and Sidewalks—Duty of City.*—In an action against a city for personal injuries sustained by reason of an alleged defect in a sidewalk, the declaration alleged that it was the duty of the city to keep its streets sound, safe, and suitable for public use and travel, and particularly the sidewalk in question. If by possibility the plaintiff in error could have been injured by this surplusage in the declaration, such injury was made impossible by the manner in which the case was conducted and the instructions of the court, which clearly and accurately defined the duty of the city to be "to exercise reasonable and ordinary care to keep its streets in a reasonably safe condition for use by persons traveling thereon in the usual modes, by night as well as by day, provided such persons are themselves exer-

cising reasonable and ordinary care to avoid injury and danger while using the same."

6. INSTRUCTIONS—*Refusal of Instruction Covered by One Given.*— It is harmless error, if any, to refuse an instruction where another instruction given substantially embodies the same proposition of law as that contained in the instruction refused.

7. INSTRUCTIONS—*Refusal of Instruction Covered by One Given.*— Defendant in an action against the city for damages for personal injury caused by an obstruction on a sidewalk, asked the court to instruct the jury that if the plaintiff traveled on the sidewalk at the point in question after dark, knowing of the defect or obstruction in the street complained of, he was bound to use ordinary care commensurate with the danger of which he had knowledge, taking into consideration the fact of darkness, and was required to exercise more caution in such case than if he was ignorant of the defect or obstruction and it was daylight. And if the jury believe from the evidence that the plaintiff failed to exercise such care and caution as the fact of such knowledge and of the darkness and other circumstances shown by the evidence would reasonably require of an ordinarily prudent man, he was guilty of contributory negligence. The refusal of this instruction was held not to be reversible error, where another instruction given by the court embodied precisely the same proposition of law without emphasizing the darkness, but instructed the jury that the plaintiff was required to exercise such ordinary care and caution in passing or avoiding the obstruction complained of as knowledge of its existence and the other circumstances of the case shown by the evidence would reasonably require of an ordinarily prudent person. This, in effect, tells the jury that they should consider the darkness as well as all the other facts shown by the evidence. Among these other facts were the rain which was falling and the wind which was blowing at the time of the accident, as well as the street lights and the shadows, if any.

8. INSTRUCTIONS—*Refusal of Instruction Covered by One Given— Multiplication of Instructions.*—It was not error to refuse an instruction where the court had already given the jury eight instructions, covering two pages and a half of the printed record, which instructions sufficiently covered every phase of the case. A multiplication of instructions tends to confuse and not to aid the jury.

9. INSTRUCTIONS—*Want of Evidence on Which to Base It.*—It is

70

not error to refuse an instruction where there is no evidence upon which it could properly be based.

10.  STREETS AND HIGHWAYS—*Accidents.*—The general rule is that a. traveler has a right to assume that a street is in a reasonably safe condition.

11.  STREETS AND HIGHWAYS—*Negligence of City.*—In an action against a city for personal injuries sustained by reason of tripping over the exposed root of a tree in a sidewalk, the negligence of the city is plainly manifested where the plaintiff's evidence shows that the obstruction was not simply a root over which one might stumble, but was a root fully. exposed with branches, one root above another, rising about eight inches above the level of the sidewalk, with an opening like a horseshoe, in which a pedestrian's foot might be caught.

12.  APPEAL AND ERROR—*Contributory Negligence.*—Where the question of contributory negligence was properly submitted to the jury under well-established principles, a mere doubt as to whether the jury decided the question properly is plainly insufficient to justify a reversal of the judgment.

Error to a judgment of the Hustings Court, Part II., of the city of Richmond, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*H. R. Pollard,* for the plaintiff in error.

*L. O. Wendenburg* and *T. Gray Haddon,* for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

This is an action for damages for personal injury, growing out of a fall of J. T. McCormack, caused by his tripping over and having his feet entangled in the exposed roots of a tree in the sidewalk on Cary street, in the city

of Richmond, in which there was a verdict and judgment for the plaintiff.

1. The refusal of the court to sustain a motion of the plaintiff in error in arrest of judgment, is assigned as error. The ground of this motion is that the declaration alleged that it was the duty of the city to keep its streets sound, safe and suitable for public use and travel, and particularly the sidewalk of the street known as Cary street. The point made is that the city owed no such duty as that alleged, but that it fulfilled its duty when it had made its streets reasonably safe for those exercising reasonable care for their own protection.

There is no merit in this contention. The case comes strictly within the line of cases relied on by the plaintiff in error, namely, the declaration contained a defective statement of a good cause of action, and it is just this class of error that the statute of jeofails is designed to cure. *Roanoke Land & Imp. Co.* v. *Karn & Hickson,* 80 Va. 595.

In *Virginia, &c. Wheel Co.* v. *Harris,* 103 Va. 713, 49 S. E. 991, the rule is stated thus: "An allegation of duty is only a conclusion of law; and where the facts alleged show the duty, and are stated with sufficient clearness to prevent surprise and enable the court to proceed upon the merits of the cause, the declaration ought to be sustained."

Section 3246 of the Code provides that: "No action shall abate for want of form, where the declaration sets forth sufficient matter of substance for the court to proceed upon the merits of the cause."

And section 3272 of the Code provides, that "On a demurrer (unless it be to a plea in abatement), the court shall not regard any defect or imperfection in the declaration or pleadings, whether it has been heretofore deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defense that judg-

ment, according to law and the very right of the cause, cannot be given."

The allegation of duty, then, was mere surplusage, and if a demurrer had been interposed, the court would have overruled it, or possibly, to avoid controversy, the plaintiff would have amended the declaration. *Thomas* v. *Electrical Co.*, 54 W. Va. 398, 46 S. E. 217; Hogg's Plead. & Forms (2d ed.), p. 59; Andrews' Stephen's Plead. 411.

As above indicated, the statute of jeofails, Va. Code, sec. 3449, providing that "no judgment or decree shall be stayed or reversed * * * for any defect, imperfection or omission in the pleadings which could not be regarded on demurrer, or for any other defect, imperfection or omission which might have been taken advantage of on a demurrer or answer, but was not so taken advantage of," is also conclusive.

In this case the defendant pleaded the general issue and went in trial upon the merits, and thereby waived any technical defect such as is now relied upon.

Again, if by possibility the plaintiff in error could have been injured by this surplusage in the declaration, such injury was made impossible by the manner in which the case was conducted, and the instructions of the court, which clearly and accurately defined the duty of the city thus: "* * * its duty is to exercise reasonable and ordinary care to keep its streets in a reasonably safe condition for use by persons traveling thereon in the usual modes, by night as well as by day, provided such persons are themselves exercising reasonable and ordinary care to avoid injury and danger while using the same."

2. The pertinent facts of the case are, that the plaintiff, a man 71 years of age, was going along the south side of Cary street at about 8 o'clock p. m. on Christmas night, December 25, 1913, towards his wood yard, to catch mischievous boys who he thought would attempt to steal his

wood to make bonfires; that when he reached the point opposite to where Lombardy street comes into Cary street from Main, he caught his foot in the root of a tree and was thrown to the ground, causing the injuries complained of. This root is described as coming from an elm tree about thirteen inches in diameter that stood on the outer edge of the sidewalk and had extending from it a root about six or seven inches in diameter at the tree, extending diagonally across the sidewalk, its height being about eleven or twelve inches above the surface of the walk at the tree and gradually diminishing in size until it disappeared in the ground at the fence on the inner side of the sidewalk; that this root had several branches; that he caught his foot in it and stumbled and fell over on his side, struck his stomach or bowels, injured his knee and hurt his side. The night was dark and rainy, and the wind was blowing at the time; that after the accident and up to the time he testified, October 28, 1914, he suffered a good deal of pain; that he sent for the doctor, and has had varicose veins and has been lame ever since.

Other errors assigned are the refusal of the court to give certain instructions:

(a) The defendant offered an instruction reading as follows:

"The court instructs the jury that a person using a street is bound to exercise his faculties in a reasonable manner to discover and avoid dangerous defects or obstructions in the way, and that the care thus required must be in proportion and commensurate with the danger, or appearance of danger. And if the jury believes from the evidence that the plaintiff in this case by the reasonable exercise of his faculties, could have discovered and avoided the defect or obstruction complained of, and that the accident or injury to the plaintiff occurred by reason of his failure so to exercise his faculties and his consequent failure to discover and

avoid the defect or obstruction, then the court tells the jury that the plaintiff was guilty of contributory negligence and the jury must find for the defendant, the city of Richmond, even though the jury may believe from the evidence that the city was guilty of negligence and that the sidewalk was not in a reasonably safe condition."

The court refused to give this instruction, but in lieu thereof gave instruction marked "No. 4," reading as follows:

"The court instructs the jury that a person using a public street is required to use ordinary care and to exercise his faculties in a reasonable manner to avoid injury to himself, and the care thus required must be commensurate with the conditions by which he is surrounded. And if the jury believe from the evidence that the injury to the plaintiff occurred or was contributed to by reason of his failure to use ordinary care or to make reasonable use of his faculties, then he was guilty of contributory negligence and the jury must find for the defendant, the city of Richmond, even though they may believe from the evidence that the city was guilty of negligence and that the sidewalk was not in a reasonably safe condition."

Probably the instruction was refused because it was thought to be misleading to the jury to instruct it that it was the duty of a traveler upon a highway to use ordinary care to discover and avoid dangerous defects or obstructions, whereas the general rule is that he has the right to assume that the street is in a reasonably safe condition. *Bedford City* v. *Sitwell,* 110 Va. 299, 65 S. E. 471; *Richmond* v. *Pemberton,* 108 Va. 220, 61 S. E. 787. However this may be, we believe that the instruction given substantially embodied the same proposition of law as that contained in the instruction refused, namely, that care should be exercised to avoid obvious dangers, and hence that the error, if any, was harmless.

(b) Then again, defendant in error asked the court to give the following instruction:

"If the jury believe from the evidence that the plaintiff traveled on the south side of Cary street at the point in question after dark knowing of the defect or obstruction in the street complained of, the court tells the jury that he was bound to use ordinary care commensurate with the danger of which he had knowledge taking into consideration the fact of the darkness and that he was required to exercise more caution in such case than if he was ignorant of the defect or obstruction and it was daylight. And if the jury believe from the evidence that the plaintiff failed to exercise in this case such care and caution as the fact of such knowledge and of the darkness and other circumstances shown by the evidence would reasonably require of an ordinarily prudent man, then the plaintiff was guilty of contributory negligence and the jury must find for the defendant, the city of Richmond."

We think this exception is without merit, also, because instruction No. 5, which was given by the court embodies precisely the same proposition of law, the difference being that the instruction refused emphasizes the darkness, but instructs the jury that the plaintiff was required to exercise such ordinary care and caution in passing or avoiding the obstruction complained of as knowledge of its existence and the other circumstances of the case shown by the evidence would reasonably require of an ordinarily prudent person. This, in effect, tells the jury that they should consider the darkness as well as all the other facts shown by the evidence. Among these other facts were, the rain which was falling, and the wind which was blowing, at the time of the accident as well as the street lights and the shadows, if any. *Southern Railway Co.* v. *Baptist,* 114 Va. 731, 77 S. E. 477. We find no reversible error in the refusal of the court to give this instruction. It may be

said, however, that another objection to giving it may be found in the fact that the court had already given the jury eight instructions, covering two pages and a half of the printed record, and that these instructions sufficiently covered every phase of the case, and that to multiply instructions would have tended to confuse and not to aid the jury.

(c) It is also alleged as error that the court refused to give the following instruction:

"If the jury believes from the evidence that the accident and injury complained of occurred by reason of inattention to or forgetfulness of his surroundings, or by reason of the fact that the plaintiff was walking along the sidewalk with his face turned in a different direction from that in which he was moving, and so failed to discover and avoid the obstruction complained of, the jury must find for the defendant, the city of Richmond, even though the jury may believe from the evidence that the city was guilty of negligence and that the street was not in a reasonably safe condition."

This instruction is based upon the assumption that the injury may have occurred because of the inattention of the plaintiff, forgetfulness of his surroundings, or by reason of the fact that the plaintiff was walking along the sidewalk with his face turned in a different direction from that in which he was moving. Because the jury had already been fully and properly instructed and because there was no evidence upon which it could properly be based, this instruction was properly refused.

(d) Another error is alleged in the failure of the court to give an instruction reading thus:

"If the jury believe from the evidence that the defect in the street complained of in the declaration was such that notwithstanding the defect a person of ordinary prudence in view of all of the circumstances and conditions surrounding the defect as shown by the evidence, would have con-

sidered the street reasonably safe before the accident for travel in the usual modes by one who was using ordinary care and prudence to avoid accidents—then the jury must find for the defendant."

The refusal of this instruction is fully justified by the fact that the jury had already been fully instructed as to the degree of care required of the city as well as the care required of a traveler upon the streets, and the multiplication of instructions and repetition of the same propositions of law in different language is a practice to be discouraged.

In *Sutherland* v. *Wampler,* 119 Va. 800, 89 S. E. 875, Whittle, J., said: "Time and again this court has condemned the practice of multiplying unnecessary instructions, the only effect of which is hopelessly to perplex the jury and to introduce error into the record. It is the settled rule of this court not to reverse a judgment for the refusal of the trial court to give other instructions when it appears that the jury already have been correctly and fully instructed. This question was dealt with in as many as six cases in 117 Virginia Reports: *Ney* v. *Wrenn,* 117 Va. 85, 84 S. E. 1; *N. & W. Ry. Co.* v. *Perdue,* 117 Va. 111, 83 S. E. 1058; *Eastern Motor Co.* v. *Apperson-Lee Co.,* 117 Va. 495, 85 S. E. 479; *Ratcliffe* v. *Walker,* 117 Va. 569, 85 S. E. 575; *Southern Ry. Co.* v. *Snow,* 117 Va. 627, 85 S. E. 488, and *Wygal* v. *Wilder,* 117 Va. 896, 86 S. E. 97."

3. The other error assigned is the failure of the court to set aside the verdict on the ground that it was contrary to the law and the evidence.

The negligence of the city is plainly manifest from the testimony. The tree root had been in substantially the same condition ever since the annexation of the territory in 1906. It was not simply a root over which one might stumble, but it was a root fully exposed with branches described by several witnesses as follows: "There was a kind of a step— one root above another, you know. It was a kind of a step

71

with a kind of a hollow there. It was a mean thing to step in. In bad weather when snow was there I wouldn't attempt to go over there at all, because you couldn't tell where to step. The roots are sort of tangled there." In answer to another question, this witness said: "I got one little stumble there. I went down to my knees." One of the city's witnesses described it as a place that was a little hard for people to walk over and that one could catch his foot in it. The plaintiff stated that he examined the root after the accident and that it rose eight inches above the level of the sidewalk and had an opening like a horseshoe, in which his foot was caught.

The only defense which could be seriously relied on was the defense which is most urged by counsel for the city, namely, that this obstruction was so obviously dangerous that no one could stumble over it without himself being guilty of contributory negligence. When it is remembered, however, that the plaintiff denies that he had knowledge of its existence; that he was a man 71 years of age; that the night was dark and rainy; that the wind was blowing; and that there is a conflict in the evidence as to whether the incandescent light a short distance away and the arc lights at the street corners directly and sufficiently lighted the root, or whether it was obscured by the shadows; and that the city, the plaintiff in error, is here as a demurrant to the evidence; then it seems clear to us that as the question of contributory negligence was properly submitted to the jury, under well-established principles, a mere doubt as to whether the jury decided the question properly, is plainly insufficient to justify this court in reversing the judgment. It will, therefore, be affirmed.

*Affirmed.*