### Richmond

MAMIE C. WHITE V. THOMAS BERNARD WHITE.

March 17, 1921.

1. LIBEL AND SLANDER—*Justification—Allegation of Truth of Part of Charge.*—A plea of justification cannot operate "as a complete defense" to the action if it pleads the truth of a part only of the defamatory charge. But where the defamatory matter is divisible and contains several distinct libelous or slanderous charges, defendant may justify one or more of the separate charges.

2. LIBEL AND SLANDER—*Justification—Allegation of Truth of Part of Charge.*—Defendant in an action of libel or slander may justify as to one part, and demur or plead privilege as to the rest of the words alleged to have been spoken by him, or deny that he ever spoke or published them. But in all these cases the part selected must be severable from the rest so as to be intelligible by itself, and must also convey a distinct and separate imputation against the plaintiff. But such imputation need not be of a different offense from that or those imputed by the rest of the words. The defendant may justify as to any part of the defamatory matter which is of itself actionable

3. LIBEL AND SLANDER—*Justification—Allegation of Truth of Part of Charge—Case at Bar.*—In the instant case plaintiff's plea of justification was not so broad as the whole of the charges in the count in the declaration. It did not interpose a complete defense to the action, but only a partial defense, to-wit, to the action in so far as based on that part of the words charged which were admitted by the plea to have been spoken. This would have been permissible if such words were of themselves actionable. But these words did not of themselves, without the innuendo following them, which was not covered by the plea, convey any meaning of insult or tend to violence and breach of the peace, and hence they were not of themselves actionable and the plea was bad.

4. LIBEL AND SLANDER—*Justification—Allegation of Truth of Part of Charge.*—In an action for slander, a plea of justification which does not deny that plaintiff's declaration puts the true

construction on the admitted words, or justify them as having been used only with their natural and ordinary meaning according to the usual construction and common acceptation of such language, is bad.

5. LIBEL AND SLANDER—*Justification—Truth in Sense Words Charged Ordinarily Understood.*—The truth which is admitted as a defense in an action of libel or slander, is the truth of the alleged words in substance and in fact, in the sense in which they were used and intended to be understood, or were reasonably understood in accordance with the usual construction and common acceptation of the meaning of the words as used, in the light of all the surrounding circumstances.

6. LIBEL AND SLANDER—*Justification—General Issue.*—Under the plea of the general issue in an action of libel or slander no evidence of the truth of any of the defamatory matter charged in the declaration is properly admissible in evidence.

7. APPEAL AND ERROR—*Order Awarding a New Trial—Error in Instructions or in the Admission of Evidence or in the Reception of Pleas.*—Upon a writ of error to an order of a trial court setting aside the verdict of a jury and awarding a new trial, the plaintiff in error cannot, for the purpose of having such order reversed, complain in the appellate court that the trial court admitted illegal evidence, or gave the jury improper instructions, or erred in the reception of a special plea of the defendant on which the jury gave no recovery over against the plaintiff.

8. APPEAL AND ERROR—*Order Awarding a New Trial—Error in Instructions or in the Admission of Evidence or in the Reception of Pleas—Case at Bar.*—But the general rule of the preceding syllabus is applicable only where it is clear that the plaintiff-in error has not been prejudiced by the rulings of the court with respect to these matters, and therefore is not applicable to the instant case, where the trial court set aside the verdict for plaintiff upon evidence as to the truth of the defamatory words, when there was no issue and no evidence whatsoever on that subject which could have been properly considered by the trial court.

9. LIBEL AND SLANDER—*Instructions—Justification.*—In an action for slander, the trial court instructed the jury that if they believe from the evidence that the language and words justified by the defendant's special plea of justification, *and such inferences and insinuations as may be drawn therefrom according to the usual construction and common acceptation of such language,* were true, then they must find for the defendant to the extent of such special plea. The defendant had

asked for this instruction without the words italicized and objected to it as modified.

*Held:* No error, in view of the fact that the jury were also instructed that, in determining whether or not the language complained of in the declaration is insulting and tending to violence and breach of the peace, the words and sentences must be construed in the plain and popular sense in which the rest of the world would naturally understand them; that is, they are to be construed according to their usual construction and common acceptation.

10. LIBEL AND SLANDER—*New Trial—Sufficiency of Evidence to Support Verdict.*—In the instant case, an action of slander in charging plaintiff of having committed adultery, there was ample evidence before the jury to support their verdict for plaintiff in so far as it was based on the finding that all the words alleged in the declaration were spoken and published by the defendant as alleged. Defendant claimed that he did not use the words with the meaning alleged by the plaintiff, but that was a question for the jury in the light of certain admissions made by the defendant himself in his testimony and of all the other evidence in the case.

*Held:* That a verdict for plaintiff was warranted.

11. LIBEL AND SLANDER.—*New Trial—Verdict Set Aside Because Evidence Held to Show Justification—Evidence of Justification Illegal.*—In an action for slander, a special plea of justification was improperly admitted, and upon the evidence received thereunder the trial court reached the conclusion that the truth of the words admitted by the special plea was established by the evidence, and set aside a verdict for plaintiff.

*Held:* Error, as since the plea of justification was improperly admitted, there was no issue upon and no evidence of the truth of the charge which could properly be considered by the jury or the trial judge.

12. NEW TRIALS—*Setting Aside Verdict Upon Issue or Evidence not in Case.*—It is error for a trial court to set aside a verdict upon an issue of fact which is not properly in the case, or upon a conclusion of fact to support which there is no evidence properly in the case.

Error to a judgment of the Circuit Court of Accomac county, in an action of trespass on the case. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

This is an action for slander. It was tried in the court below on the second and sixth counts of the declaration, which charged the speaking and publishing by the defendant of insulting words under the statute.

The plaintiff in error was the plaintiff, and the defendant in error the defendant in the court below, and they will be hereinafter referred to as plaintiff and defendant, in accordance with their positions as parties in that court.

The defendant pleaded not guilty and filed a special plea of justification as to the speaking and publishing of a part of the words set out in the second count of the declaration.

Thereupon the plaintiff demurred to said special plea and, on the grounds that such plea "is not coextensive and as broad as the defamatory charge made in the declaration," (and) "* * * attempts to justify a part of the charge only which in itself imports no slander and omits no attempt to justify the slanderous part of the said charge," moved the court to reject such plea.

Such demurrer and motion were overruled. Whereupon, there was a trial by jury which resulted in a verdict for the plaintiff for the sum of $1,000 damages. Thereupon, the defendant moved the court to set aside the verdict and grant him a new trial on the grounds that the verdict was contrary to the law and the evidence, for misdirection by the court of the jury; and also because the damages awarded by the verdict were excessive. This motion the court sustained upon the grounds that the verdict was contrary to the law and the evidence, and because the verdict was excessive in the amount of the damages awarded. The court refused, however, to sustain such motion on the ground of misdirection of the jury. The opinion of the court, giving the reasons for such action, is in writing, filed and made a part of the record.

Thereafter, upon the calling of the case for a new trial, neither the plaintiff nor defendant demanding a jury, and

the plaintiff having declined to introduce any evidence, judgment was entered by the court for the defendant, and the plaintiff brings error.

The assignments of error of the plaintiff (so far as material to the decision of the case), are mentioned below in the opinion of the court.

The defendant assigns as cross-error the action of the trial court in giving a certain instruction which appears below in the opinion of the court.

The insulting words alleged in the second count of the declaration as having been spoken and published by the defendant, together with the innuendoes there alleged, are as follows:

" 'Edgar Smith and Mamie' (meaning the plaintiff) 'were sitting in the dining-room' (meaning the dining-room of plaintiff's home) 'talking, and the children' (meaning plaintiff's children) 'were in the cook-room' (meaning the cook-room of plaintiff's home) 'and afterwards the children come in the dining-room, and I' (meaning the defendant) 'had not been home long before the children' (meaning the plaintiff's children) 'come to my house' (meaning the defendant's house). 'I' (meaning the defendant) 'asked the children (meaning plaintiff's children) 'where their mother' (meaning the plaintiff) 'was, and they' (meaning the plaintiff's children) 'said she' (meaning the plaintiff) 'had gone over to Mrs. Sallie White's. Then I' (meaning the defendant) 'goes back' (meaning to plaintiff's house) 'to see if Irving' (meaning plaintiff's husband, Irving White) 'had come home about putting the hay away, when I' (meaning the defendant) 'got there' (meaning to plaintiff's house) 'I' (meaning the defendant) 'heard somebody in the hall' (meaning the hall of plaintiff's home). 'All at once, Smith' (meaning Edgar Smith) 'come out of the hall door' (meaning the hall door of plaintiff's home) 'and went down town way. Mamie' (meaning the plaintiff) 'blew the light out

and went over to Mrs. Sallie White's. We' (meaning the defendant and his wife) 'sent for her (meaning the plaintiff) 'and asked her' (meaning the plaintiff) 'about it, and she' (meaning the plaintiff) 'acknowledged it' *(meaning the plaintiff acknowledged she had committed adultery with Edgar Smith) 'and got down on her' (meaning the plaintiff's) 'knees to us' (meaning the defendant and his wife) 'and said it was the first time she' (meaning the plaintiff) 'ever did it' (meaning it was the first time plaintiff ever committed adultery with Edgar Smith) 'and would never do it again' (meaning the plaintiff would never commit adultery with Edgar Smith again), 'and she' (meaning the plaintiff) 'said she' (meaning the plaintiff) 'had rather see Irving' (meaning the plaintiff's husband, Irving White) 'dead than for him' (meaning the plaintiff's husband, Irving White) 'to know it, and she' (meaning the plaintiff) 'promised not to let him' (meaning Edgar Smith) 'come any more.*" (Italics supplied.)

The plea of justification embraces only that part of the words and innuendoes above set out which are not italicized. The plea alleges the truth of such part of such words, merely with the meaning that they constituted a true narrative of what is stated by the words as having occurred and as having been said; but does not allege that they were used with that meaning only, nor deny that the declaration put the true construction on them.

The insulting words alleged in the sixth count of the declaration as having been spoken and published by the defendant, together with the innuendoes there alleged, are as follows:

" 'He' (meaning the defendant) 'went over there' (meaning plaintiff's home) 'when the children' (meaning plaintiff's children) 'were sent to his' (meaning defendant's) 'house. He' (meaning the defendant) 'suspicioned something was wrong, the curtains were down, and he' (mean-

ing the defendant) 'saw motions.  That old snoozer' (meaning Edgar Smith) 'was hanging around there' (meaning plaintiff's home)."

*S. James Turlington,* for the plaintiff in error.

*Roy D. White* and *Stewart K. Powell,* for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

The questions presented for our decision by the assignments of error will be disposed of in their order as stated below.

1. Is or is not the plea of justification, interposed by the defendant, a good plea?

This question must be answered in the negative.

It is urged in behalf of the plaintiff that the plea is bad in two particulars: first, because it admitted a part only of the defamatory matter charged in the second count of the declaration, and so was not as broad as the charges; and, second, it does not justify the admitted words with their natural and ordinary meaning according to the usual construction and common acceptation of such language, nor deny that the plaintiff's declaration puts the true construction on such words, and hence also is not as broad as the charge of such words in the declaration.

With respect to the first-mentioned particular, this should be said:

[1]  It is true that a plea of justification cannot operate "as a complete defense" to the action if it pleads the truth of a part only of the defamatory charge.  25 Cyc., sec. 3, p. 460; Note in 31 L. R. A. (N. S.), p. 138; *Gault* v. *Babbitt,* 1 Ill. App. 130; *Woodruff* v. *Richardson,* 20 Conn. 238;

*Sanford* v. *Gaddis,* 13 Ill. 329; *Thompson* v. *Pioneer Press Co.,* 37 Minn. 285, 33 N. W. 856; *Fero* v. *Ruscoe,* 4 N. Y. 162.  But—

"Where the defamatory matter is divisible and contains several distinct libelous or slanderous charges, defendant may justify one or more of the separate charges."  25 Cyc. (K), p. 464; Townshend on Slander and Libel (4th ed.), pp. 311, 319; Note in 31 L. R. A. (N. S.), p. 137; Odgers on Libel and Slender (1st Am. ed.), p. 176; and other authorities above cited.

[2]   As said in Odgers on Libel and Slander, at p. 176: "So, he may justify as to one part and demur or plead privilege as to the rest, or deny that he ever spoke or published the rest of the words.  But in all these cases the part selected must be severable from the rest so as to be intelligible by itself and must also convey a distinct and separate imputation against the plaintiff."

The imputation referred to in the quotation just made need not be of a different offense from that or those imputed by the rest of the words charged.  The defendant may justify as to any part of the defamatory matter which is of itself actionable.

[3]   Therefore, the plea in this case would not be bad merely because it is not as broad as the whole of the charges in the second count of the declaration.  It does not purport to be that broad.  It does not interpose a complete defense to the action, but only a partial defense, to-wit, to the action in so far as based on that part of the words charged which are admitted by the plea to have been spoken.  This would be permissible if such words were of themselves actionable.  It is plain, however, from a reading of them that these words do not of themselves, without the innuendo following them, which is not covered by the plea, convey any meaning of insult or tend to violence and

breach of the peace, and hence they were not of themselves actionable. It is only when they are read in connection with the residue of the defamatory words charged in that count of the declaration that their meaning of insult and their tendency to violence and breach of the peace become apparent. Therefore, the words covered by the special plea, in the sense in which they were admitted by the plea to have been spoken, were not severable from the rest of the words charged in the second count, and hence, the plea was bad.

[4] We are also of opinion that the plea is bad in the second particular urged against it in behalf of the plaintiff, above mentioned, namely, in that it does not either deny that the plaintiff's declaration puts the true construction on the admitted words or justify them as having been used only with their natural and ordinary meaning according to the usual construction and common acceptation of such language.

In Odgers on Libel and Slander, at p. 176, this is said: "Again, where the words are laid with an innuendo in the statement of claim, the defendant may justify the words, either with or without the meaning alleged in such innuendo; or he may do both—that is, he may deny that the plaintiff puts the true construction on his words, and assert that, if taken in their natural and ordinary meaning, his words will be found to be true; or he may boldly allege that the words are true even in the worst signification that can be put upon them. But it seems that a defendant may not put a meaning of his own on the words, and say that in that sense they are true; for if he deny that the meaning assigned to his words in the statement of claim is the correct one, he must be content to leave it to the jury at the trial to determine what meaning the words naturally bear."

[5] The truth which is admitted as a defense, in such an action as this, is the truth of the alleged words in substance and in fact, in the sense in which they were used and intended to be understood, or were reasonably understood in accordance with the usual construction and common acceptation of the meaning of the words as used, in the light of all the surrounding circumstances.

We are, therefore, of opinion that the trial court should not have admitted the plea of justification to be filed over the aforesaid objections of the plaintiff.

[6] As the only other plea of the defendant was the plea of the general issue, no evidence of the truth of any of the defamatory matter charged in the declaration was properly admissible in evidence; and we must consider the record as if there was therein no issue and no evidence upon the question of the truth of the defamatory words charged in the declaration.

[7, 8] It is urged before us in behalf of the defendant that, notwithstanding the filing of the defendant's plea of justification, as the verdict was in favor of the plaintiff, and the latter is content with that verdict as rendered, as is shown by the plaintiff's seeking, on appeal, to maintain such verdict, the defendant is entitled to the benefit of the rule established by the following authorities (namely, *Ruffner* v. *Hill,* 31 W. Va. 428, 7 S. E. 13; 2 Barton's Law Pr. [2nd ed.], pp. 724-5; *Chapman* v. *Va. Real Estate Co.,* 96 Va. 177, 31 S. E. 74; *Sutherland* v. *Wampler,* 119 Va. 800, 89 S. E. 875), which rule bars the plaintiff's right to have the appellate court consider whether there was error in the action of the trial court in admitting such plea to be filed. These authorities establish the general and correct rule, that upon a writ of error to an order of a trial court setting aside the verdict of a jury and awarding a new trial, the plaintiff in error cannot, for the purpose of hav-

ing such order reversed, complain in the appellate court that the trial court admitted illegal evidence, or gave the jury improper instructions, or erred in the reception of a special plea of the defendant on which the jury gave no recovery over against the plaintiff. But, as appears from such authorities, this general rule is applicable only where it is clear that the plaintiff in error has not been prejudiced by the rulings of the court with respect to these matters. Where, as in the case before us, it appears from the opinion of the trial court, as will be hereinafter mentioned, that he set aside the verdict in question solely as the result of his conclusions from what he considered was the evidence in the case on the question of the truth or falsehood of certain of the defamatory words charged in the declaration, when, as we must regard the case as aforesaid, there was no issue and no evidence whatsoever on this subject which could have been properly considered by the trial court, it is at once apparent that the general rule aforesaid, invoked by the defendant, is inapplicable.

We will next consider the question arising on the cross-assignment of error of the defendant to the action of the trial court with respect to instructions, namely:

[9]   2. Was there error in the action of the trial court in giving the following instruction to the jury on the first trial of the case, to-wit:

"Instruction C-1.—"The court instructs the jury that if they believe from the evidence that the language and words justified by the defendant's special plea of justification, *and such inferences and insinuations as may be drawn therefrom according to the usual construction and common acceptation of such language,* were true, then they must find for the defendant to the extent of such special plea." (Italics supplied.)

The defendant asked for this instruction without the words which we have italicized. The trial court modified

the instruction as asked by inserting the italicized words, and gave it as so modified. It is of this that the defendant complains. It is contended that such language was misleading and imposed upon the defendant the burden of proving "the truth of any inference, without limit or restriction, whether proper or improper, fair or unfair, reasonable or unreasonable, that may be drawn from the language used according to its usual construction and common acceptation." In support of this position the case of *Williams Printing Company* v. *Saunders*, 113 Va. 156, 73 S. E. 472, Ann. Cas. 1913E, 693, is cited, and the following part of instruction 10, approved by the court in that case is referred to, namely: "But as to this article, as to buying votes in Manchester, the jury are instructed that the language used means, in its fair interpretation, according to the usual construction and acceptation of the language, that * * *," etc. (stating the construction given by the court to the language there involved according to the usual construction and common acceptation of it).

The instruction in question in the case before us was not, however, the only instruction given on the subject. Instruction (1), given by the court at the request of the plaintiff, was as follows:

"(1) The court instructs the jury that in determining whether or not the language complained of in the declaration is insulting and tending to violence and breach of the peace, the words and sentences must be construed in the plain and popular sense in which the rest of the world would naturally understand them; that is, they are to be construed according to their usual construction and common acceptation. The charge or insult need not be in express terms, it may be by insinuation."

In view of the fact that this instruction was also given to the jury, we are of opinion that there is no merit in

the contention of the defendant with respect to instruction C-1, involved in the question under consideration.

We come now to the question for our consideration presented by the plaintiff's chief assignment of error, which is as follows:

3. Did the trial court err in setting aside the verdict of the jury, on the first trial of the case, on the grounds that the verdict is contrary to the law and the evidence, and is excessive?

This question must be answered in the affirmative.

[10]   There was no material variance between the allegations of the declaration and the proof introduced in evidence in behalf of the plaintiff as to the speaking and publishing of the defamatory words, in the sense in which they were alleged to have been used and intended to be understood, both as charged in the second and sixth counts of the declaration, on which the case was tried.   There was ample evidence before the jury to support their verdict in so far as it was based on the finding that all of such words were spoken and published by the defendant as alleged.   As alleged in the declaration and as shown by the proof, there was an interval of some ten months between the publishing of the words alleged in the second count of the declaration and the publication of those alleged in the sixth count, which in substance repeated the charge of the same offense as having been committed by the plaintiff.   There is in evidence also a letter written by the defendant and his wife to the husband of the plaintiff about eleven months after the publishing of the words covered by the second count of the declaration and about one month after the publishing of the words covered by the sixth count of the declaration, which in substance reiterated the charge that the plaintiff had been guilty of adultery.   There is also in evidence the testimony of a witness for the plaintiff to the effect that after this action was instituted and before the

trial, the defendant repeated to him, in substance, the same charge, to-wit, that the plaintiff had been guilty of adultery. The defendant, it is true, in his testimony denies that he used on this occasion many of the words in question, and claimed that he did not use the words he admits having then used with the meaning alleged by the plaintiff. This, indeed, was the claim of the defendant in his testimony with respect to the words used by him according to the testimony for the plaintiff, on all of the occasions of publication above mentioned, and with respect to the contents of the letter aforesaid; but that was a question for the jury in the light of certain admissions made by the defendant himself in his testimony and of all the other evidence in the case; and there was ample evidence to sustain the verdict of the jury based on a finding contrary to such claim of the defendant. Further, on the first trial of the case, the defendant in testifying with respect to what he saw and heard on the occasion in March, 1918, referred to in the words alleged in the second count of the declaration, and in connection with his testimony that, "It didn't look good to me right at that time," added the following statement before the jury, namely: "She" (meaning the plaintiff) "had been accused of two parties and they are in this house" (meaning the courthouse) "today, and that would lead it right into my mind if nothing was done wrong right there —what I had seen."

There was, therefore, ample evidence before the jury on subjects mentioned in the next preceding paragraph to support the verdict in question to the extent of its full amount. It appears, indeed, from the opinion of the court below in the record, that the learned trial judge entertained that opinion on those subjects. As appears from his opinion, he did not set aside the verdict for any lack of evidence to support it in those particulars.

In the opinion of the trial judge, this is said: "The court concedes that if from the evidence the jury were justified in basing a verdict upon the theory that the words spoken by the defendant, and which he admits in his plea that he spoke, were *utterly* and *absolutely* false, 'a frame-up' on the part of the defendant and his wife 'to blacken the character' of the plaintiff, then the court would not set aside the verdict on the ground that the damages were excessive; and the court does not believe that the jury would have given such damages, except upon that theory. But can it be said they were justified in basing a verdict upon such theory?"

The italics and the sub-quotations are those of the opinion of the court below, and the words embraced therein have reference to the position taken by counsel for plaintiff with respect to all of the defamatory words alleged in the declaration, particularly in his closing argument before the jury, to which reference is made in a preceding part of the opinion of the court below. It is there stated that in the opinion of the court such position, and certain violent denunciations on the part of such counsel in urging it with great vehemence, "were not justified by the evidence, aroused the 'passion' and 'prejudice' of the jury against the defendant and his wife; and the law is that if the court believe that the amount of the verdict is so out of the way as to evince 'passion' or 'prejudice' on the part of the jury, it should be set aside."

As to the violent denunciations on the part of counsel for the plaintiff, it appears from the opinion under consideration that they were considered by the judge of the trial court as improper and misleading to the jury only because, in his view of the case, they were "not justified by the evidence" on the issue of the truth of the words sought to be justified by the special plea aforesaid. No other position

has been taken in behalf of the defendant in the brief of counsel or in oral argument before us. And it further appears from said opinion that the trial court set aside the verdict in question as excessive and as contrary to the law and the evidence solely on the ground that the evidence in the case established the truth of the words admitted by the special plea aforesaid to have been spoken by the defendant.

[11, 12] In view of our conclusion expressed above that the special plea aforesaid was improperly admitted and that we must regard the case as if there was no plea of justification therein, and hence no issue upon and no evidence of the truth of any of the defamatory words alleged and proved to have been spoken by the defendant, which could properly be considered by the jury or by the trial judge, it is at once apparent that the trial judge was in error in his conclusion that the truth of the words admitted by the special plea was established by the evidence, and hence he was in error in setting aside the verdict. There being no issue properly in the case except the general issue, under which the truth of the words could not be proved, there was nothing upon which the trial judge could base the conclusion on which he set aside the verdict. The presumption of falsehood which the law attaches to all defamatory words was unrebutted, and that they were false was the conclusion which the jury and the trial judge were compelled to reach as their only conclusion upon all of the evidence properly in the case.

Such being our view of the case, it is entirely unnecessary for us to review the authorities on the subject, which are cited in argument, or to set forth here the rules governing our action where there is conflict in the testimony, and where we are asked to reverse the action of a trial court in setting aside a verdict and granting a new trial, as distinguished from cases in which we are asked to reverse the

action of the trial court in refusing to set aside a verdict and grant a new trial. These rules are now well established by the decisions of this court, and none of them are applicable so as to uphold the action of the trial court in setting aside the verdict in the case before us, for none of such rules warrant a trial court in setting aside a verdict upon an issue of fact which is not properly in the case, nor upon a conclusion of fact to support which there is no evidence whatever properly in the case.

There are other assignments of error by the plaintiff, but in view of our above stated conclusions they become immaterial and will, therefore, not be dealt with in this opinion.

The case will be reversed and judgment will be entered in favor of the palintiff upon the verdict of the jury rendered on the first trial of the case.

*Reversed.*