## CHARLESTON.

FLEMING v. POPLE.

FLEMING v. MORGAN.

Submitted April 4, 1916.   Decided April 11, 1916.

1. DOWER—*Assignment*—*Nature and Form of Remedies.*
     A widow, or her assignee, before dower has been assigned, may maintain assumpsit to recover damages for withholding dower in the lands of her deceased husband. (p. 179).

2. SAME—*Conveyance*—*Operation and Effect.*
     She may also, after dower has become consummate and before it has been assigned, sell and convey it to another. But a conveyance of her estate in the land only does not give the grantee a right of

action for damages, already accrued to the widow for withholding dower, or for her share of rents and profits then past due; they are not appurtenances to the land, but distinct choses in action. (p. 180).

3.  SAME—*Bar—Settlement Between Husband and Wife.*
      Where, during coverture, a husband and wife enter into a written agreement whereby he settles certain lands upon her, in consideration of her releasing her contingent dower in all his other lands, which agreement is approved and confirmed by the court in a divorce suit, brought by the wife, wherein there is a decree of perpetual divorce from bed and board, but not from the bonds of matrimony, and the wife conveys the land settled upon her to another, and thereafter, at the suit of the husband's creditors, after his death, the deed of settlement and the wife's conveyance are set aside and the land sold for the husband's debts, and purchased by a stranger, she is estopped, by her deed, to claim dower against the purchaser.  (p. 180).

(MASON, JUDGE, absent.)

Error to Circuit Court, Marion County.

Actions by Bettie Fleming against E. P. Pople, and by the same plaintiff against F. L. Morgan.  From a judgment for plaintiff, defendants bring error.

*Reversed and rendered.*

*Showalter & Frame,* for plaintiffs in error.

*Harry Shaw,* for defendant in error.

WILLIAMS, PRESIDENT:

To judgments for plaintiff in two separate actions of assumpsit, tried by the court in lieu of a jury upon an agreed statement of facts, defendants bring error.

Plaintiff claims as assignee of Hattie E. Street, who was formerly the wife of Wm. H. Nicholson, Jr., now deceased, one-third of the rents and profits of two houses and lots in the city of Fairmont, for a period of 13⅔ months, beginning October 21, 1911, and extending to December 10, 1912, based on the alleged dower right of said Hattie E. Street in the lands of her deceased husband, Wm. H. Nicholson, Jr.  After his death, which occurred in August, 1909, a suit was brought by his administratrix, Mary Nicholson, against Alice Turner

and others, for the purpose of selling his real estate to pay his debts and settle up his estate. The two lots, rent or damages for the detention of which is the subject of these actions, were sold under decree made in that suit, and one was purchased by defendant E. P. Pople, and the other, by defendant F. L. Morgan. They were conveyed to them on the 21st of October, 1911, and they immediately took possession and occupied the lots, either in person or by tenants. On the 10th of December, 1912, Hattie E. Street sold and conveyed to E. M. Showalter all her right, title and interest, ''both legal and equitable, as the widow of William H. Nicholson, Jr., deceased, or otherwise,'' in all the lands which her husband had owned and which had been sold by special commissioner E. C. Frame, in the above styled suit of Mary Nicholson, Admx. vs. Alice Turner and others. The general description of property given in said deed includes the two lots severally owned by these defendants. In June, 1908, a perpetual divorce from bed and board had been granted to said Hattie E. Nicholson, by the circuit court of Marion county. Prior to that decree they had entered into a written agreement, whereby Wm. H. Nicholson had conveyed to his wife certain portions of his real estate, and obligated himself to pay certain of her debts, in consideration of her releasing her contingent dower in his other lands. The divorce decree expressly approved and confirmed that agreement and required the parties to conform thereto; and further decreed as follows: ''It is further adjudged, ordered and decreed that said plaintiff shall have and retain all the property which she now has, whether real, personal or mixed, as her own separate estate, and free from any claim of the said defendant, for curtesy or otherwise; and it is also adjudged, ordered and decreed that the said defendant shall have and retain all the property now owned by him, of every kind whatsoever, free from any claim of the said plaintiff for dower or otherwise.''

The two lots now severally owned by the defendants are a part of the land which Wm. H. Nicholson, Jr., so settled upon his wife, who is plaintiff's assignor. The conveyance of those lots from Nicholson to his wife was indirect, having been made by him first to Thomas W. Powell, and by said Powell

to her. She then conveyed them to Fred D. Hough. But these deeds of settlement and the deed from Mrs. Nicholson to Fred D. Hough were afterwards set aside, by a decree of the circuit court of Marion county, at the suit of the Exchange Bank of Mannington. The lots were later sold and confirmed to these defendants, in the suit of Wm. H. Nicholson's administratrix against Alice Turner and others, and conveyances therefor were made to them by a special commissioner on the 21st of October, 1911. Dower was not assigned to Hattie E. Nicholson in any of the lands of her deceased husband.

The foregoing appears from an agreed statement of facts filed in the records of the two cases, which are identical in all respects, except the lots. The parties also agree: "That the only question involved in this action is the question of law to-wit, whether or not under the foregoing statement of facts the said Hattie E. Street is entitled to dower in said real estate of which her said husband died seized, and if it be decided by the court that she is entitled to dower in said properties then it is agreed that she is entitled to one-third of the sum of $22.50 for thirteen and two-third months which is the sum of $102.50 with interest thereon from the 10th day of December, 1912, until paid." The same amount is claimed by plaintiff in each case.

Counsel for defendants insist upon the three following legal propositions, viz.:

First. That neither dower or any of its incidents can be recovered in an action of assumpsit; that, as dower had not been assigned, the only remedy is by suit in equity. True equity has jurisdiction in matters pertaining to dower, but that jurisdiction is not exclusive. Sec. 9, ch. 65, Code 1913, says "dower may be assigned as at common law." At common law it could be assigned by the heir or devisee, and generally was so assigned, if the heir or devisee was sui juris. *Moore* v. *Walker,* 2 Rand. 418; and 2 Min. Inst. 137. The statute also provides that dower may be assigned by the circuit court on motion, made either by the widow or any of the heirs or devisees, upon reasonable notice to all parties interested, by commissioners appointed by the court. Although

the most usual method now prevailing, for assignment of dower, is by a bill in chancery, it is not the only method. Sec. 10, ch. 65, further provides that the widow may recover dower, "and damages for its being withheld, by such remedy at law as would lie on behalf of a tenant for life having a right of entry, or by a bill in equity where the case is such that a bill would now lie for such dower." It was, therefore, not necessary that dower should have been assigned, and the widow actually have been seized thereof, in order for her to maintain an action for damages for its detention. Upon the husband's death the wife's inchoate dower becomes consummate; it is then a vested right, and entitles her to maintain an action, as well for damages for its detention as for dower itself. 2 Min. Inst. 136; and Engle v. Engle, 3 W. Va. 246. Although plaintiff denominates her claim one-third of the rental value of the property, it may properly be regarded as damages for withholding dower, one-third the rental value being the proper measure thereof, provided, however, she was entitled to dower. If the widow could maintain the action, it follows that her assignee would have the same right. Hence, the remedy chosen is appropriate to the cause of action averred.

The second proposition is, that the right of action, asserted by plaintiff in these cases, as assignee of Hattie E. Nicholson, passed by her deed of December 10, 1912, and now belongs to E. M. Showalter. That deed does not purport to convey the grantor's right of action for accrued damages, but only her estate in the land. Of course it carried any rent or damage, subsequently accruing, as appurtenant to the estate conveyed, but not rent or damage already accrued, because although growing out of the real estate, it was then distinct from the land. As to such rent or damage, the widow's right of action was complete at the time of the conveyance, and was a mere chose in action and did not pass with the land, and was not included in the terms of the deed. 2 Min. Inst. (2nd ed.), 681.

The third proposition is that, plaintiff's assignor was not entitled to dower in the lots now owned by defendants, for two reasons: (1) because her husband was not seized thereof

at the time of his death, and (2) because she had conveyed her estate therein to Fred D. Hough. This proposition is good for the second reason assigned, but not for the first. The husband need not be seized of an estate of inheritance in land, at the time of his death, to entitle his wife to dower. It is sufficient if he is so seized at any time during coverture. By her deed to Fred D. Hough, Hattie E. Nicholson parted with all interest in, and claim to the lots in question. That conveyance was for the two lots in question, and was made before these defendants purchased them at the judicial sale. Whatever may have been the effect of the setting aside of the deeds of settlement upon the wife, and of her deed to Hough, as to her dower right in the other lands of her husband, it certainly could not have the effect of restoring to her any right to dower in the lands which she herself had conveyed away. As to them she is estopped by her solemn deed from asserting claim. Sec. 3, ch. 66, Code 1913; and 5 Encyc. Dig. Va. & W. Va. Cases, 204. Those deeds were set aside only so far as they affected the rights of Nicholson's creditors; their effect, as between the parties, was not wholly destroyed. Title to the lots was in Hough, when they were sold for Wm. H. Nicholson's debts; and by virtue of their purchases, at the judicial sale, defendants acquired Hough's title and, consequently, whatever title or claim to dower Hattie E. Nicholson had, because her deed had passed it to him. Having purchased Hough's title at the judicial sale, defendants are in privity of estate with him, *Hurxthal* v. *Boom Co.*, 53 W. Va. 87, and, consequently, with his grantor, and are, therefore, in a position to rely upon the estoppel. Plaintiff acquired nothing by her assignment from Hattie E. Street, formerly Hattie E. Nicholson.

It is not necessary for us to determine what effect the failure of consideration for her release of dower had upon Hattie E. Nicholson's right to claim dower in other lands of her husband, as that question is not here involved.

The judgment is reversed, and, seeing from the agreed facts that plaintiff is not entitled to a judgment against either of these defendants, in any event, judgment will be entered here for them.                        *Reversed and rendered.*