## Richmond.

## CRADDOCK LUMBER CO. V. JENKINS.

### January 16, 1919.

1. APPEAL AND ERROR—*Evidence to Support Verdict—Timber Contract.*—Plaintiff sold to defendants the pine and poplar ten inches in diameter across the stump twelve inches from the general level of the ground upon certain lands. Plaintiff claimed defendants cut a large number of trees under the dimensions specified in the contract and brought his action for damages against defendants accordingly. There was a verdict in favor of plaintiff which defendants sought to have set aside on the ground of the insufficiency of the evidence to support it.

   *Held:* That the evidence tending to support the verdict, which of course was conclusive in the Supreme Court of Appeals, established in a reasonably certain and definite manner the fact that the defendants cut trees under the size designated in the contract to the number and of the value fixed in the verdict.

2. WITNESSES—*Bias and Interest—Question for Jury.*—Plaintiff's witnesses as to the trees wrongfully cut were plaintiff, two of his sons, his son-in-law, three of his tenants, and one other individual. The trial court instructed the jury that they might consider in connection with all the other facts and circumstances of the case the demeanor of the witnesses, their relationship to the parties, and their interests in the case.

   *Held:* That whatever bias these witnesses may have had, the weight of their testimony was of course a question for the jury, and the trial court did all it could in this connection when it gave the instruction referred to.

3. INSTRUCTIONS—*Repetition—Limiting Number.*—It is a commendable practice in the trial courts to limit the number of instructions wherever this course can be taken with due regard to the rights of the parties. There may be causes in which it is proper and even necessary to give a large number of instructions, but these cases are rare.

4. INSTRUCTIONS—*Repetition.*—Where the instructions given by the trial court adequately present the case to the jury upon the respective theories of the parties, it is not prejudicial error to refuse other instructions.

5. APPEAL AND ERROR—*Instructions—Harmless Error.*—In the instant case the court instructed the jury as to the measure of damages if they believed that the trees wrongfully cut were not merchantable timber, and as to the measure of damages if they believed the trees cut were merchantable timber. The instruction was objected to on the ground that there was no sufficient evidence to support the first branch of it, which related to the proper measure of damages if the jury should take the view that the trees cut were not merchantable timber.

    *Held:* That the verdict showed that the jury were in no way influenced by this branch of the instruction, but that they found their verdict under the latter aspect thereof, evidently believing that the timber was merchantable.

6. APPEAL AND ERROR—*Harmless Error—Exemplary Damages.*— An instruction upon punitive damages, even if erroneous, is harmless where the amount allowed appears upon the face of the verdict to have been compensatory only.

7. TREES AND TIMBER—*Cutting Trees Not Included in Contract of Sale—Instructions.*—In an action against a purchaser for cutting trees not included in his contract, the jury were instructed "that in order to find a verdict against the defendants, the jury must be satisfied from affirmative proof that the plaintiff has been damaged, and proof of the amount and extent of such damage must be sufficiently clear and convincing as to enable the jury to reach a conclusion from the facts proved." In its original form as requested by defendants the words quoted had been followed by these words which the court struck out, "the defendants should be given the benefit of any doubt upon this question."

    *Held:* That there was no error in this amendment. The instruction, as given, made it plain that the burden of proof was on the plaintiff, and that such proof must be clear and convincing. This was a correct and sufficiently emphatic statement of the law.

8. TREES AND TIMBER—*Cutting Trees Not Included in Contract of Sale—Instructions.*—The trial court gave the following instruction: "The court instructs the jury that under the terms of the contract in issue the defendants, in cutting, had a right to honestly and fairly aproximate the size of the tree, and that they are not responsible for *reasonable* slight errors or mistakes, if they have cut the timber in a manner consistent with what men of ordinary prudence would have *honestly done*." The sole objection urged to this instruction is that the court added to the instruction, as asked, the words "reasonable" and "honestly."

*Held:* No error. The defendants would be responsible for unreasonable errors, even though they were slight, and for anything harmful they might have done in cutting timber which was not honestly done.

9. TREES AND TIMBER—*Cutting Trees Not Included in Contract of Sale—Instructions.*—The court instructed the jury that, in determining the ten inch diameter referred to in the contract between the parties, "the defendants had a right and were entitled to all trees measuring ten inches, wood measurement, at the longest point of diameter through the tree, twelve inches above the general level of the land and to no other trees." The words, "twelve inches above the general level of the land and to no other trees" were added by the court to this instruction, as originally presented, and the defendants excepted.

*Held:* That the additional words, "twelve inches above the general level of the land" were absolutely necessary to make the instruction conform with the contract; and defendants were certainly entitled "to no other trees." Nor is the instruction in conflict with the previous one (see 8th syllabus), which allowed the defendants "all trees fairly and honestly approximated," the purpose of the latter instruction being to apply a rule of reason and common sense to the measurements, and thus to protect the defendants against trifling errors which would almost certainly have occurred in any practical method of cutting the trees.

10. INSTRUCTIONS—*Conflict.*—Where an instruction requested by defendants is amended by the court, and the amended instruction is plainly right, defendants cannot complain that it was in conflict with another instruction given at their request, the error if any being in the latter instruction and arising from the language used at defendants' request.

11. TREES AND TIMBER—*Action for Cutting Trees Not Included in Contract of Sale.*—In an action of trespass on the case brought by the seller of timber against the purchaser for cutting trees not included in the contract, although the form of action is tort, the rights of the parties were fixed by the contract and defendants are liable for any . substantial loss inflicted on the plaintiff by cutting trees under the size fixed by the contract, whether such cutting was intentionally or negligently done or not.

Error to a judgment of the Circuit Court of Isle of Wight county, in an action of trespass on the case. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

22

The opinion states the case.

*Wm. M. Crumpler* and *Parker P. Deans,* for the plaintiff in error.

*H. L. Holland* and *J. N. Sebrell, Jr.,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

By a written contract, dated June 29, 1912, Irvin Jenkins sold to J. I. Coulbourn and others, partners trading as Craddock Lumber Company, all the pine and poplar timber ten (10) inches and upwards in diameter across the stump (wood measurement) twelve (12) inches from the general level of the ground, upon certain lands owned by Jenkins and described in the contract. It was claimed by Jenkins that the lumber company; while engaged in cutting the timber thus purchased, also and wrongfully cut from the land a large number of trees under the dimensions specified in the contract; and this action of trespass on the case was brought by him to recover damages accordingly. The jury rendered a verdict in his favor, and thereupon the trial court awarded him the judgment under review.

[1] The first assignment of error questions the sufficiency of the evidence to support the verdict. The simple issues before the jury were, whether the defendants had cut any trees under size, and if so, how many and to what amount of damage. Upon these issues the evidence was conflicting. The plaintiff, to show the extent of such alleged wrongful cutting, introduced witnesses who testified that they made an actual count and measurement of stumps which showed that the defendants had cut 1684 trees under ten inches in diameter. The verdict was in the following

form: "We, the jury, find for the plaintiff, and fix his damages at $842.00 for *treas,* and $15.00 for damages for fence." While there was other evidence as to the *quantum* of damage, it is manifest that the jury adopted the valuation appearing in the testimony of P. S. Brinkley, an experienced lumber dealer, who said he thought the trees had a market value of about fifty cents each. The contention of the defendants is that they did not cut any substantial number of trees under size, that between the time of the cutting and the time of the count and measurement claimed for the plaintiff the stumps would have shrunk to a very considerable extent, that the count and measurement was otherwise inaccurate and unreliable, and that for these and other suggested reasons it was practically impossible for the jury to have arrived at their verdict otherwise than by guesswork and conjecture. We cannot take this view of the case. A careful consideration leads us to the conclusion that the evidence tending to support the verdict, which of course is conclusive in this court, establishes in a reasonably certain and definite manner the fact that the defendants cut trees under the size designated in the contract to the number and of the value fixed in the verdict.

[2] In the petition for this writ of error, and in connection with the insistence that the verdict ought to have been set aside, stress is laid on the fact that the plaintiff's witnesses as to the trees wrongfully cut were "the plaintiff, two of his sons, his son-in-law, three of his tenants, and one other individual." Whatever bias these witnesses may have had, and whatever bias the witnesses for the defendant may have had, by reason of their relationship to the parties, or otherwise, the weight of their testimony was of course a question for the jury. The trial court did all it could in this connection when, of its own motion, it gave instruction "C," as follows: "The court instructs the jury that, in ar-

riving at their verdict in this case, they may consider in connection with all the other facts and circumstances of the case,. the demeanor of the witnesses, their relationship to the parties, and their interests in the case."

[3, 4] We pass now to the assignments of error which have to do with the instructions to the jury. The plaintiff asked for two instructions, "A" and "B," both of which were given. The defendants requested eighteen instructions, designated by the numbers 1 to 18, respectively, and of these the court gave Nos. 1, 2 and 3 with slight amendments, gave No. 4 in the form requested, gave one of its own, quoted above, and refused all of the others. In this connection, we take occasion to repeat that it is a commendable practice in the trial courts to limit the number of instructions wherever this course ean be taken with due regard to the rights of the parties. There may be cases in which it is proper and even necessary to give a large number of instructions, but these cases are rare. *Richmond* v. *McCormick,* 120 Va. 552, 561, 91 S. E. 767. A careful review of the instructions given and those refused in the present instance satisfies us that the case was adequately presented to the jury upon the respective theories of the parties, and that there was no prejudicial error in the refusal of those instructions which were rejected by the court. *E. I. du Pont de Nemours & Co.* v. *Snead's Adm'r. post* p. 177, 97 S. E. 812, decided today.

We shall now review such of the instructions, with the action of the court thereon, as seem to us to require any discussion.

[5] Instruction "A," given at the instance of the plaintiff, was as follows: "The court instructs the jury that if the trees cut were not merchantable timber, that the measure of damages is the difference between the value of the plaintiff's premises before the injury happened, and the value immediately after the injury, taking into account only the

damages which have resulted from the defendant's acts, or, if the jury believe that the timber cut was merchantable timber and you further believe that the defendants cut such merchantable timber under the size specified in the contract between the parties, then the measure of damages would be the market value of the timber so cut."

The principal complaint of this instruction is that there was no sufficient evidence to support the first branch of it, which related to the proper measure of damages if the jury should take the view that the trees cut were not merchantable timber. Of this it is sufficient to say that the verdict of the jury shows beyond any reasonable question that they were in no way influenced by this branch of the instruction, but that they found their verdict under the latter aspect thereof, evidently believing that the timber was merchantable, and, as we have already seen, fixing the amount of the recovery at fifty cents per tree.

[6] Instruction "B," given at the instance of the plaintiff, told the jury that if they believed from the evidence that the defendants cut trees under size, and did so wilfully and maliciously, or in such way as to evince a culpable indifference to consequences, or the rights of the plaintiff, they might find punitive damages. We deem it unnecessary to say more with reference to this instruction than that the verdict itself shows that the jury did not award punitive damages. The amount allowed appears upon the face of the verdict to have been compensatory only, and where such is the case, the error, if error there be, in giving an instruction upon punitive damages, is harmless.

[7] Instrution No. 1, as given, was as follows: "The court instructs the jury that in order to find a verdict against the defendants, the jury must be satisfied from affirmative proof that the plaintiff has been damaged, and proof of the amount and extent of such damage must be sufficiently clear and convincing as to enable the jury to reach a con-

clusion from the facts proved. (Erasure at this point by the court and insertion as indicated below.) If the jury should believe that the plaintiff has been damaged to some extent, yet, if the jury should further believe that the facts proved are not sufficiently certain upon which to found an intelligent verdict, they should find for the defendants. The jury, in arriving at a verdict, cannot resort to guess work and conjecture, nor are they justified in asserting their own estimates, or judgment, independent of the facts proved, and if in the judgment of the jury these have been insufficiently proved, the defendants cannot be held liable."

It is urged that the court erred in the amendment which it made of this instruction, and which consisted of striking out the words, "the defendants should be given the benefit of any doubt upon this question, and even though," at the point indicated above, and the insertion or substitution at that point of the word "if." There was no error in this amendment. The instruction, as given, made it plain that the burden of proof was on the plaintiff, and that such proof must be clear and convincing. This was a correct and sufficiently emphatic statement of the law.

[8] Instruction No. 2, as given, was as follows: "The court instructs the jury that under the terms of the contract in issue the defendants, in cutting, had a right to honestly and fairly approximate the size of the tree, and that they are not responsible for *reasonable* slight errors or mistakes, if they have cut the timber in a manner consistent with what men of ordinary prudence would have *honestly done.*" (Italics added.) The sole objection urged to this instruction is that the court added to the instruction, as asked, the words "reasonable" and "honestly," which we have italicized in the copy as here quoted. We are unable to perceive any merit in this objection. It would seem too clear for argument that the defendants would be respon-

sible for unreasonable errors, even though they were slight, and for anything harmful they might have done in cutting timber which was not honestly done.

[9, 10] Instruction No. 3, as given, was as follows: "The court instructs the jury that, in determining the ten inch diameter referred to in the contract betwen the parties to this suit, the defendants had a right and were entitled to all trees measuring ten inches, wood measurement, at the longest point of diameter through the tree, twelve inches above the general level of the land and to no other trees."

The words, "twelve inches above the general level of the land and to no other trees" were added by the court to this instruction, as originally presented, and the defendants excepted. The additional words, "twelve inches above the general level of the land" were absolutely necessary to make the instruction conform with the contract; and defendants were certainly entitled "to no other trees." It is urged that this instruction is in conflict with No. 2 because the latter allowed the defendants "all trees fairly and honestly approximated," while the former told them that they were entitled to no trees other than those measuring ten inches at the longest point of diameter. The purpose of instruction No. 2 was to apply a rule of reason and common sense to the measurements, and thus to protect the defendants against trifling errors which would almost certainly have occurred in any practical method of cutting the trees. It was not, of course, intended to include trees not embraced in the contract. A bare comparison of the two instructions will show that there is no substantial conflict between them. We may add, however, that instruction No. 3 is plainly in keeping with the terms of the contract between the parties as to the trees which the defendants had the right to cut, and if No. 2, as defendants apparently contend, was in fact any broader in this respect, then the error was in No. 2 and not in No. 3, and

arose from language used at defendants' request and of which they may not complain.

[11] We have no doubt that we have correctly interpreted the meaning of instruction No. 2, and the purpose which the trial court intended it to accomplish. If, however, the defendants expected it to convey to the jury the idea that there would be no liability unlesss the cutting was done in a negligent manner, they were pursuing an erroneous theory, and were not entitled to the instruction, even in its amended form. It is true that the form of the action is in tort, but the rights of the parties were fixed by contract. The defendants are liable for any substantial loss inflicted on the plaintiff by cutting trees under size, whether such cutting was intentionally or negligently done or not. Several of the instructions asked for by the defendants plainly appeared to be based on the theory that they had not been guilty of negligence, and all such instructions were properly refused.

It would serve no good purpose to enter into a particular discussion of each of the fourteen instructions asked for by the defendants and refused by the court. They do not involve any new, or, as we think, and debatable questions. In so far as they embodied correct propositions of law, they were sufficiently covered by the instructions which were given, and the action of the court in refusing all of them was plainly right.

Nor do we deem it necessary to say more with reference to the remaining assignments of error, than that they were of minor importance, and present no ground upon which we would be warranted in reversing the decision of the lower court.

The judgment is affirmed.

*Affirmed.*